**UNITED STATES of America**

**v.**

**Ronald Lloyd CARROLL et al.**

**Crim. No. 1261–71.**

United States District Court,
District of Columbia.

Oct. 15, 1971.

Mark Richards, Asst. U. S. Atty. for the United States.

Edgar Brenner, Thomas J. McGrew, Arnold & Porter, Washington, D. C., for defendants; James C. Lang, Sneed & Waddel, Tulsa, Okl., of counsel.

## MEMORANDUM OPINION AND ORDER

GESELL, District Judge.

This motion to dismiss challenges counts II, III and IV of an indictment charging violations of Title III of the Omnibus Crime and Safe Streets Act of 1968 dealing with interception of oral and wire communications. 18 U.S.C. § 2511. The second count, which is typical, reads as follows:

> That on or about the morning of April 20, 1971, in the District of Columbia, Ronald Lloyd Carroll and John Roberts, Inc., a body corporate, willfully, knowingly and feloniously did intercept communications of J. R. Dominici. (In violation of Title 18, United States Code, Section 2511(1a)).

The Act was intended to deal with increasing threats to privacy resulting from the growing use of sophis-

ticated electronic devices and the inadequacy of the limited prohibitions contained in the earlier Communications Act, 47 U.S.C. § 605. *See* S. Rep. No. 1097, 90th Cong., 2nd Sess., To Accompany S–917 (April 29, 1968), U.S.Code Cong. & Admin.News, p. 2112.

The motion to dismiss is based on two grounds. Primarily it is claimed that on the facts specified in the Bill of Particulars no interception of a wire communication is involved, and, secondarily, it is urged that the counts fail to allege an essential element of the crime, to wit, the basis for asserting that the communications, whether wire or oral, were expected to be private.

The counts here under attack involve an overhearing of a person talking in an adjacent hotel room whose statements to others in the room and over the telephone were recorded on a tape recorder as the voice was picked up coming through a closed connecting door. Only one side of the telephone calls was recorded and no device was affixed to any wire or used to pick up any talk from a wire. Accordingly, two questions, each apparently of first impression, are presented:

(1) Whether the recording of one side of a telephone conversation with a device that is not attached to the telephone or the wire constitutes interception of a wire communication; and (2) whether a reasonable expectation of privacy on the part of the person overheard and circumstances justifying that expectation must be specifically alleged as an essential element of the crime of intercepting an oral communication.

At the outset it must be recognized that the terms "intercept," "wire communication" and "oral communication" are each defined by the statute itself. Intercept "means the aural acquisition of the contents of any wire or oral communication through the use of any electronic, mechanical, or other device." The statute speaks throughout of intercepting "any wire or oral communication."

Under the definition of wire communication (18 U.S.C. § 2510) no expectation of privacy, such as that indicated under the definition of "oral communication," is involved and the statute by its literal terms makes any interception of a statement made "through the use of" a telephone, for example, a criminal offense regardless of the conditions of privacy present. To avoid this far-reaching result and the strict liability attendant thereon, movants insist that an interception of a wire communication is involved only where the mechanical means used is in effect some type of wiretap or aural acquisition from the wire transmission itself, as opposed to the overhearing or eavesdropping of someone talking into the receiver of a telephone. This, of course, was the clear thrust of interpretations given the term "intercept" under the earlier Communications Act. Goldman v. United States, 316 U.S. 129, 134, 62 S.Ct. 993, 86 L.Ed. 1322 (1941); Rathbun v. United States, 236 F.2d 514, 517 (10th Cir. 1956), affirmed, 355 U.S. 107, 78 S.Ct. 161, 2 L. Ed.2d 134 (1957). See also, Silverman v. United States, 365 U.S. 505, 81 S.Ct. 679, 5 L.Ed.2d 734 (1961); Irvine v. California, 347 U.S. 128, 74 S.Ct. 381, 98 L.Ed. 561 (1954); United States v. Borgese, 235 F.Supp. 286 (S.D.N.Y. 1964), vacated on other grounds, 372 F. 2d 950 (2d Cir. 1967).

■ Congress, quite properly, has undertaken to protect the public against all forms of sophisticated electronic overhearing within the limits of its authority. Where the overhearing involves an oral communication, then cognizant of its limited authority, Congress has made the overhearing with a mechanical device a criminal offense only so long as the communication is shown beyond a reasonable doubt to be willful and also to be a communication meeting the special requirements of privacy found in the definition of "oral communication." In addition, Congress specified five alternative constitutional bases for a more limited prohibition against oral communications in subsection (1) (b) of section

2511. See U.S.Code Cong. and Admin. News, 90th Cong., 2d Sess., 1968, p. 2180.

■ However, where a wire communication is involved, although the authority of Congress is very broad, it is questionable that Congress can prohibit all overhearing by means of a mechanical device of one end of a telephone conversation where there is no interception through the wire itself. Accordingly, the Court is of the view that the overhearing and recording of one end of a telephone conversation without the actual interception of a communication passing through the wires, was not intended to be included within the definition of the term "wire communication" but under the statute is simply another form of oral communication. This interpretation eliminates the problem of constitutional uncertainty, appears to be in compliance with a strict reading of the definitions in the statute, 18 U.S.C. § 2510, and avoids a potentially confusing overlap between the distinct criminal offenses of intercepting a wire communication and intercepting a private oral communication.

Thus the conversations involved in this case are all oral communications as defined in 18 U.S.C. § 2510(2). No interception of a wire communication is involved.

■■ The recital of wire communications does not, however, make the counts defective even though it is apparent no interception of a wire communication can be proven since interception of oral communication is also alleged. Defendants insist that the indictment is defective because it does not recite the facts and circumstances that the United States will rely on to establish that the oral communications overheard were in fact oral communications within the definition. It is urged that the mere use of statutory language is not sufficient. They hoped to avoid a trial, confident that it can be demonstrated that the overhearing was made with a device of talk that could be heard by the naked ear and that in fact no invasion of privacy is involved. This may well be the

law[1] and may prove to be the fact, but it has nothing to do with the sufficiency of the indictment.

By using the term "oral communication" coupled with the citation of the statute the indictment contains adequate information since the definition of oral communication is incorporated by reference. There are many facts and circumstances that will bear on the expectation-of-privacy issue. It is not the function of the indictment to plead evidence. Defendants have been given a copy of the grand jury testimony, a bill of particulars, all physical evidence including the tapes, and there will be other pretrial discovery, including complete exchange of expert testimony. Defendants are not flying blind but will, by time of trial, be fully aware of every aspect of the Government's case.

The motion to dismiss counts II, III and IV on behalf of each defendant is denied. So ordered.

1. United States v. Llanes, 398 F.2d 880, 883–884 (2d Cir. 1968), cert. denied, 393 U.S. 1032, 89 S.Ct. 647, 21 L.Ed.2d 576 (1969); State v. Cartwright, 246 Or. 120, 418 P.2d 822 (1966), cert. denied, 386 U.S. 937, 87 S.Ct. 961, 17 L.Ed.2d 810 (1967); see generally, Note, "Privacy: A Post-Katz Analysis", 43 N.Y.U. L.Rev. 968, 986 (1968). United States v. White, 401 U.S. 745, 750, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971), Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966).