UNITED STATES of America, Plaintiff-Appellee,

v.

**Richard Kay HARPEL, Defendant-Appellant.**

No. 73–1408.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Nov. 13, 1973.

Decided March 12, 1974.

**348**

Darol C. Biddle, Pueblo, Colo., for defendant-appellant.

W. Allen Spurgeon, Asst. U. S. Atty. (James L. Treece, U. S. Atty., Denver, Colo., with him on the brief), for plaintiff-appellee.

Before LEWIS, Chief Judge, and MURRAH and McWILLIAMS, Circuit Judges.

LEWIS, Chief Judge.

Appellant Richard Kay Harpel was convicted after jury trial in the United States District Court for the District of Colorado of disclosing an unlawfully intercepted wire or oral communication in violation of 18 U.S.C. § 2511(1)(c).[1] He appeals from the judgment entered on his conviction.

The evidence adduced at trial revealed the following chain of events: On February 24, 1971 a telephone conversation took place between Corporal John Koncilja of the Pueblo, Colorado Police Department and agents of the Bureau of Narcotics and Dangerous Drugs in Denver, Colorado. A tape recording of this conversation was subsequently played on two separate occasions by appellant Harpel to certain persons in a local Pueblo bar. The evidence did not establish who recorded the conversation or how it was done, although there was testimony that the recording could have been accomplished by attaching a suction cup to a telephone receiver and connecting it to a tape recorder. There were numerous telephone extensions in the offices at both ends of the conversation, but it was shown that none of the parties to the conversation either recorded, authorized the recording, or authorized listening in on the subject conversation. Nor was any evidence introduced that a wire tap had been authorized for any of the extension telephones on the date in question.

---

1. § 2511. Interception and disclosure of wire or oral communications prohibited
  (1) Except as otherwise specifically provided in this chapter any person who—
    (c) willfully discloses, or endeavors to disclose, to any other person the contents of any wire or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire or oral communication in violation of this subsection; or
    . . . .
  shall be fined not more than $10,000 or imprisoned not more than five years, or both.

Harpel contends that there was no interception of an oral communication within the meaning of the applicable statute because the conversation was not conducted with the expectation of privacy which "oral communication" as defined under 18 U.S.C. § 2510(2) [2] requires. In this respect he attaches particular significance to the apparent failure of Corporal Koncilja to press an available exclusionary button on his receiver which would have precluded the overhearing of the conversation by anyone else in the Pueblo Police Department. We consider it unnecessary to examine this contention in view of the fact that 18 U.S.C. § 2511(1)(c) clearly prohibits the disclosure of the contents of any intercepted wire *or* oral communication. The subject telephone conversation clearly qualified as a "wire communication" as defined in 18 U.S.C. § 2510(1).[3] It was therefore incumbent upon the government to establish only that this wire communication had been "intercepted." [4]

Harpel charges that there is no interception of a wire communication within the meaning of Rathbun v. United States, 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134, if a telephone extension is used. In *Rathbun* the Court considered whether a former provision of the Federal Communications Act, 47 U.S.C. § 605, was violated when one of two parties to a telephone conversation permitted a police officer to listen in on an extension phone. In holding that there was no interception under the facts presented the Court reasoned that "[e]ach party to a telephone conversation takes the risk that the other party may have an extension telephone and may allow another to hear the conversation." 355 U.S. at 111, 78 S.Ct. at 164. This reasoning is clearly limited to the situation in which at least one of the parties has consented to the overhearing and thus is factually distinguishable from the case at bar. As Mr. Justice Frankfurter's dissent in *Rathbun* pointed out:

> The fact that the Court relies on "the consent of one party" evidently implies that it would not be without the purview of § 605 for a police officer to conceal himself in a room of a house or a suite of offices having several "regularly used telephone extensions" and surreptitiously to utilize such an extension to overhear telephone conversations. 355 U.S. at 113, 78 S.Ct. at 165.

In line with this reasoning, the court in Laughlin v. United States, 120 U.S.App.D.C. 93, 344 F.2d 187, held that a § 605 violation had been established because, although a party allowed the telephone conversation to be recorded through an induction coil under a telephone extension, the consent had been coerced. Moreover, it is apparent under 18 U.S.C. §§ 2511(2)(c) and (d) that consent is not a relevant issue in establishing the interception itself, since those subsections provide that an inter-

2. § 2510. Definitions
   As used in this chapter—
   (2) "oral communication" means any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation;
   . . .

3. § 2510. Definitions
   As used in this chapter—
   (1) "wire communication" means any communication made in whole or in part through the use of facilities for the transmission of communications by the aid of wire, cable, or other like connection between the point of origin and the point of reception furnished or operated by any person engaged as a common carrier in providing or operating such facilities for the transmission of interstate or foreign communications; . . .
   It was stipulated that Mountain Bell Telephone Company provided all telephone facilities for the Pueblo Police Department and the Bureau of Narcotics and Dangerous Drugs in Denver and that the company qualified as a common carrier under the definition cited above.

4. § 2510. Definitions
   As used in this chapter—
   (4) "intercept" means the aural acquisition of the contents of any wire or oral communication through the use of any electronic, mechanical, or other device.

ception is not unlawful where the interceptor is a party to the communication or where one of the parties has given prior consent to the interception.[5] It is thus clear that consent is a consideration independent of interception.[6]

Harpel also contends that there can be no interception when a telephone extension is used because 18 U.S.C. § 2510(5)(a) excludes from its definition of "electronic, mechanical, or other device" telephone equipment "furnished to the subscriber or user by a communications common carrier in the ordinary course of its business and being used by the subscriber or user in the ordinary course of its business. . . ." He maintains that it is just as likely as not under the evidence that the subject conversation was recorded through the use of an extension telephone and argues that there was therefore no interception. We agree that the evidentiary inferences point to the use of an extension telephone and thus face an interesting issue of statutory construction.

■ The government has adopted the position of the trial court below that the intercepting device was the recorder and not an extension telephone. While such a view avoids the problem presented, we are simply not persuaded by this contention. We agree with appellant that the recording of a conversation is immaterial when the overhearing is itself legal. It is the means whereby the contents of the conversation are ac-

quired that is crucial. *See* State v. Vizzini, 115 N.J.Super. 97, 278 A.2d 235. A recording device placed next to, or connected with, a telephone receiver cannot itself be the "acquiring" mechanism. It is the receiver which serves this function—the recorder is a mere accessory designed to preserve the contents of the communication. This interpretation comports squarely with the clear distinction drawn between "intercepting" and "recording" under 18 U.S.C. § 2518(8)(a), which deals with judicially authorized interceptions:

> The contents of any wire or oral communication *intercepted* by any means authorized by this chapter shall, if possible, be *recorded* on tape or wire or other comparable device. [emphasis added].

We therefore conclude that the tape recorder in question cannot constitute the intercepting mechanism when used, as it is argued here, connected to a telephone receiver.

The essence of Harpel's argument with respect to the telephone extension is that the burden is on the government to establish that the interception was not accomplished through the use of a telephone extension. The government responds that a telephone extension under the statute constitutes an exception and that the burden thus lies on the defendant to establish that he falls within it. Tritt v. United States, 10 Cir., 421 F.2d 928.

5. § 2511. Interception and disclosure of wire or oral communications prohibited
  (2)(c) It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire or oral communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception.
  (d) It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire or oral communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or

tortious act in violation of the Constitution or laws of the United States or of any State or for the purpose of committing any other injurious act.

6. Harpel's theory that 18 U.S.C. § 2511(1)(c) has no applicability when a telephone receiver is used because there is no proof that the contents of the conversation are acquired by an interception of the communication *as it passes through the wires* is simply not in line with the plain meaning of "intercept." *See* note 4 *supra*. Nor is his reliance on United States v. Carroll, D.Colo., 332 F.Supp. 1299, well placed. That case involved the overhearing of one party talking into a telephone and did not concern the communication over the wire itself.

The applicable rule of law is concisely stated in 7 Fifths Old Grand-Dad Whiskey v. United States, 10 Cir., 158 F.2d 34, 36, cert. denied, 330 U.S. 828, 67 S. Ct. 870, 91 L.Ed. 1277:

> Further, when a criminal statute sets forth an exception, which exception is not a part of the crime, but operates to prevent an act otherwise included in the statute from being a crime, the burden is on the defendant to bring himself within the exception.

■ The difficulty here lies in applying this rule to the statute in question. We conclude that the telephone-instrument exception is so incorporated with the substance of the clause defining the offense as to constitute a material part of the description of the act proscribed. It is undisputed that interception is an essential element of the crime with which appellant is charged. Simply stated, there is no interception if the acquisition of the contents of the communication is accomplished through telephone equipment used in the ordinary course of business. To require the defendant to prove that he qualifies for this exception would be tantamount to forcing him to admit that he did in fact acquire the contents of the communication and to show the government how he did it. Such an imposition runs counter to the fundamental burden placed upon the government to establish beyond a reasonable doubt "every fact necessary to constitute the crime. . . ." In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368. The situation presented here is distinguishable from the type of exception examined in United States v. McCann, 5 Cir., 465 F. 2d 147. The court there held that if the defendants believed that they came within the consent exception of 18 U.S.C. § 2511, it was incumbent upon them to prove this fact. The distinction lies in the fact that the essential elements of the offense, including interception, were not in question. It was clearly an instance where the exception operated "to prevent an act otherwise included in the statute from being a crime." Such is not the case here.[7] We hold that to establish an interception under 18 U.S.C. § 2510(4) the government must establish beyond a reasonable doubt that the contents of a wire or oral communication were acquired through an electronic, mechanical, or other device *other than* a telephone employed by the subscriber or user in the ordinary course of its business.

■ This the government did in the case at bar, and we conclude that the failure to instruct the jury on the exception in question was harmless error. In so ruling, we must reach a question not yet ruled upon in the federal judicial system. The government's evidence established that a conversation was recorded without judicial authorization or consent of any of the parties thereto. Without drawing a speculative conclusion as to whether an extension telephone was actually used to accomplish this end, we decide that even if a telephone extension was so employed, it does not qualify as an exception under 18 U. S.C. § 2510(5)(a).

■ What appellant Harpel has overlooked in his reliance on the exception is that the telephone equipment must be used "in the ordinary course of business." We hold as a matter of law that a telephone extension used without authorization or consent to surreptitiously record a private telephone conversation is not used in the ordinary course of business. This conclusion comports with the basic purpose of the statute, the protection of privacy, and is in line with the reasoning of the court in People v. Tebo, 37 Mich.App. 141, 194

---

7. *See also* Salazar v. People, 153 Colo. 93, 384 P.2d 725, in which the defendant was charged with possession of marijuana. The statutory definition of marijuana excepted seeds of the plant which were incapable of germination. The court held that the state had the burden of proving that the marijuana in question was not subject to this exception.

N.W.2d 517. In that case the question was whether it was error to introduce evidence of a telephone conversation which the defendant alleged had been intercepted in violation of 18 U.S.C. § 2511. The conversation was surreptitiously overheard by a policeman when the defendant placed his one permitted telephone call at the police station. The state attempted to justify the eavesdrop under 18 U.S.C. § 2510(5)(a)(ii) which excepts a telephone "being used by . . . an investigative or law enforcement officer in the ordinary course of his duties." The police claimed that they were listening to such conversations to prevent being charged for long-distance phone calls a prisoner might make. The court's response to this contention was clear:

> The plain effect, no matter what the intent, is to eavesdrop on all calls emanating from its phones. The interest of the sheriff's department in limiting expenses can be protected by other procedures. We do not believe the activity engaged in here was an ordinary duty contemplated by the statute. 194 N.W.2d at 522.

Similarly, we do not feel that a telephone used in the manner contemplated under the facts of this case is employed in the ordinary course of business. Harpel qualifies for no exception which would bring him without the purview of 18 U.S.C. § 2511.

Harpel claims finally that the trial court erred in admitting, over objection, his statement on cross-examination that he had been fired from the police department. He argues that the admission of this testimony permitted the jury to infer that he had been fired for commission of the crime with which he was charged. Any error in this respect was nonprejudicial. The indictment charged Harpel with committing the offense between February 24 and March 31, 1971. Yet Harpel testified that he remained a police officer until June 28, 1972. Not only is the inference of which Harpel complains a weak one, but the other evidence of his guilt is substantial. An error possibly prejudicial does not require reversal if the evidence of defendant's guilt is strong. United States v. Jackson, 10 Cir., 482 F.2d 1167.

Affirmed.