THE STATE OF NEVADA, APPELLANT, *v.*
CHARLES BONDS, RESPONDENT.

No. 8814

May 26, 1976                                    550 P.2d 409

*Robert List,* Attorney General, *Michael E. Fondi,* District Attorney, and *Terry A. Friedman,* Deputy, Carson City, for Appellant.

*Carl F. Martillaro* and *Arthur J. Bayer, Jr.,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

A transmitter type listening device, attached to a police informant's shirt, permitted a police officer to intercept an incriminating conversation between Charles Bonds and an informant. The conversation established that Bonds sold a controlled substance (opium) to the informant and led to a felony charge being filed against Bonds under NRS 453.321.

Bonds timely moved to suppress the police officer's testimony.[1]

In support of the motion Bonds argued the interception was unlawful because there had been no order authorizing the

---

[1]Under NRS 179.505 an aggrieved person ". . . may move to suppress the contents of any intercepted wire or oral communication, or evidence derived therefrom, on the grounds that: (a) The communication was unlawfully intercepted; . . ."

police officer to intercept the conversation, as required by the "wiretap statutes," NRS 179.410 et seq.[2] The district judge agreed, ruling that all conversation "[o]verheard over the bugging device is out."

In this appeal the thrust of the state's contention is that, in the instant factual situation, the "wiretap statutes" are inapplicable; therefore, no "order" was required and we are compelled to reverse.[3] We agree.

1. The district judge's reliance on the "wiretap statutes" was misplaced. The conversation between Bonds and the informant was neither transmitted by the aid of wire, cable or other like connection between the point of origin and the point of reception; nor, were any facilities furnished or operated by any person engaged as a common carrier. Accordingly, the conversation was not a communication within the ambit of NRS 179.-455.[4] Compare: United States v. Harpel, 493 F.2d 346 (10th Cir. 1974); United States v. Hall, 488 F.2d 193 (9th Cir. 1973); and, People v. Santos, 102 Cal.Rptr. 678 (Cal.App. 1972).

2. Furthermore, we find no evidence of an oral communication, as that term is defined by NRS 179.440.[5] Here,

---

[2]These statutes, patterned on the federal "wiretap statutes," 18 U.S.C. 2510 et seq., were adopted by Nevada in 1973, and require, *inter alia*, an application to, and order from, a supreme court justice or district court judge, authorizing the interception of oral or wire communications, prior to the interception.

[3]This appeal from the interlocutory order is authorized by NRS 179.-510, which reads, in part: "In addition to any other right to appeal the state may appeal from an order granting a motion to suppress . . ."

[4]NRS 179.455 reads: " 'Wire communication' means any communication made in whole or in part through the use of facilities for the transmission of communications by the aid of wire, cable or other like connection between the point of origin and the point of reception furnished or operated by any person engaged as a common carrier in providing or operating such facilities for the transmission of intrastate, interstate or foreign communications."

[5]179.440 " 'Oral communication' defined. 'Oral communication' means any verbal message uttered by a person exhibiting an expectation that such communication is not subject to interception, under circumstances justifying such expectation."

Compare United States v. Pui Kan Lam, 483 F.2d 1202, 1206 (2nd Cir. 1973), cert. denied 415 U.S. 984 (1974), where the court, in construing a statute virtually identical to NRS 179.440, held: ". . . the conversation . . . did not occur in a factual setting which legally justified

although the conversation took place in Bonds' home ". . . the eavesdropping had not been accomplished by means of an unauthorized physical encroachment within a constitutionally protected area." Silverman v. United States, 365 U.S. 505, 510 (1961). See also, On Lee v. United States, 343 U.S. 747 (1952). In a factually analogous situation the High Court said: "Inescapably, one contemplating illegal activities must realize and risk that his companions may be reporting to the police." United States v. White, 401 U.S. 745, 752 (1971).

The order granting the motion to suppress is reversed.

any subjective expectation of privacy . . . As a result it was neither an 'oral communication' within the meaning of the statute, 18 U.S.C. § 2510(2), nor entitled to constitutional protection against the 'uninvited ear.' "