UNITED STATES of America, Appellee,

v.

Stephen MILLER, Defendant, Appellant.

No. 83–1162.

United States Court of Appeals,
First Circuit.

Argued Sept. 16, 1983.

Decided Nov. 4, 1983.

Certiorari Denied Jan. 16, 1984.
See 104 S.Ct. 984.

William A. Brown, Boston, Mass., with whom Brown & Prince, Boston, Mass., was on brief, for defendant, appellant.

Dennis J. Kelly, Asst. U.S. Atty., Boston, Mass., with whom William F. Weld, U.S. Atty., Boston, Mass., was on brief, for appellee.

Before BOWNES, Circuit Judge, ALDRICH and COWEN,* Senior Circuit Judges.

BAILEY ALDRICH, Senior Circuit Judge.

On this appeal from a conviction for possessing and passing counterfeit money, 18 U.S.C. §§ 472 and 473, the dramatis personae are the following: defendant appellant

* Of the Federal Circuit, sitting by designation.

Miller, a supplier of counterfeit bills; co-defendant Albert, a security guard at Blanchard's Liquor Corp. who pleaded; Holguin, a Blanchard cashier, and Coppede, a Secret Service agent. In Act I defendant gave Albert bills; he, in turn, gave them to Holguin, and she, for a commission, exchanged them in the till for lawful money. In Act II Holguin, on being apprehended by Coppede, confessed and agreed to cooperate. She was instructed to call Albert, with her line attached to a tape recorder. In Act III, Holguin called Albert and asked for more bills and he told her to hold on and he would call defendant. Albert's phone had a connecting, or conference, device, which could join parties at three separate stations. While Holguin was holding, Albert called defendant, said he had Holguin "on the other line," to which defendant said "OK," and defendant and Albert thereupon arranged for a drop. This conversation came through on Holguin's line, and was duly recorded.

■ In moving to suppress, defendant argued that the warrantless recording violated his reasonable expectations of privacy, *Katz v. United States,* 1967, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576, under the fourth amendment as well as his rights under the federal eavesdropping control law, 18 U.S.C. §§ 2511, 2515.[1] We start with the proposition that listening in to a telephone conversation on an extension, with the consent of one party, does not violate the rights of the other party under the fourth amendment. *United States v. White,* 1971, 401 U.S. 745, 753, 91 S.Ct. 1122, 1126–27, 28 L.Ed.2d 453 (plurality opinion), *On Lee v. United States,* 1952, 343 U.S. 747, 72 S.Ct. 967, 96 L.Ed. 1270; *United States v. Gladney,* 1 Cir., 1977, 563 F.2d 491, 493. *See also Rathbun v. United States,* 1957, 355 U.S. 107, 111, 78 S.Ct. 161, 164, 2 L.Ed.2d 134, where, when construing 47 U.S.C. § 605, the Court stated: "Each party to a telephone conversation takes the risk that the other party may have an extension telephone and may allow another to overhear the conversation. When such takes place there has been no violation of any privacy of which the parties may complain." Nor, equally, when one is lawfully listening to a conversation, is there a violation merely because, unknown to the other party, he records it. *Lopez v. United States,* 1963, 373 U.S. 427, 439, 83 S.Ct. 1381, 1388, 10 L.Ed.2d 462.

■ Defendant argues that neither party consented with respect to the defendant-Albert conversation. This overlooks the fact that Albert, by operating his conference device, consented to Holguin's being connected on, in effect, an extension. In discussing the crime with Albert, defendant impliedly accepted the risk that his conversation might be overheard on an extension and/or recorded. *White,* ante, 401 U.S., at 751–52, 91 S.Ct. at 1126; *Rathbun,* ante. It would be extraordinarily technical to hold his implied acceptance of the risk of a recording came to a stop merely because Holguin was not, strictly, on an extension, but on another line. As between such artificiality and carrying over the conversation to Holguin as a windfall at defendant's—and Albert's—inadvertent expense, we regard the latter as the more sensible.

There is nothing to the contrary in 18 U.S.C. § 2511's restrictions on warrantless interceptions. The government relies upon section 2511(2)(c),

> "It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire or oral communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception."[2]

The anti-eavesdropping statute was directed against the use of sophisticated electronic equipment, *cf. White,* ante, 401 U.S. at 756–57, 91 S.Ct. at 1128–29 (Douglas, J., dissenting), and not against long accepted use of rudimentary material. Under the

---

1. Title III, Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510–2520.

2. Alternatively, we note subsection (2)(d), which applies equally when a party is not acting under color of law.

statutory definitions,[3] Holguin's use of the phone receiver to overhear the conversation did not constitute a proscribed "interception." The acquisition being lawful, the recording was not a separate actionable "intercept." *Lopez*, ante; *United States v. Harpel*, 10 Cir., 1974, 493 F.2d 346, 350. Even if there was an "interception," however, we agree that the section 2511(2)(c) exception applies to the instant facts.

Finally, if the issue be thought material, there is no unfairness in this result. Defendant's clear understanding was that he was part of a threesome, responding to Holguin's initiating further activity. While we do not rest our decision on this, Holguin was well known to him, and, so far as privacy was concerned, he would have been indifferent whether his answer was relayed by Albert, or overheard directly. We hold that it was not error to refuse to suppress the recording.

▋ Defendant's other contentions require no discussion. We accept the district court's finding that whatever distant and fleeting glance the jury may have had of a 2″ × 2″ masked mug-shot handled by a witness, the mug-shot, which was not introduced, was not revealed as such. Nor was there any error in allowing Holguin to reveal her initial fear, later acknowledged to be incorrect, that defendant had torched her car.

*Affirmed.*

---

**3.** "§ 2510(4). '[I]ntercept' means the aural acquisition of the contents of any wire or oral communication through the use of any electronic, mechanical, or other device.

(5) 'electronic, mechanical, or other device' means any device or apparatus which can be used to intercept a wire or oral communication other than—

(a) any telephone or telegraph instrument, equipment or facility, or any component thereof, (i) furnished to the subscriber or user by a communications common carrier in the ordinary course of its business and being used by the subscriber or user in the ordinary course of its business; or (ii) being used by a communications common carrier in the ordinary course of its business, or by an investigative or law enforcement officer in the ordinary course of his duties; ...."