## CIRCUIT COURT OF CHESTERFIELD COUNTY

Commonwealth of Virginia

    v.

Leslie Ann Glenn

March 29, 1989

By JUDGE HERBERT C. GILL, JR.

The defendant has filed and argued a motion to suppress the evidence seized on July 19, 1988, based on two specific grounds.

The first ground espoused relies on the authority of § 19.2-56 of the 1950 Code of Virginia (as amended) wherein the statute mandates to whom a search warrant shall be directed. The search warrant in this case was directed "to any policeman of a county, city or town." Paragraph 3 of this same section provides:

> Any such warrant as provided in this section shall be executed by the policeman or *other law enforcement officer* or agent into hands it shall come or be delivered (emphasis added).

The defendant argues that the warrant fails to direct as required. The warrant is directed to "any policeman of a county or city" without specifying a particular county. The warrant spells out immediately beneath that the property is located in Chesterfield County. The warrants came into the hands of a Commonwealth of Virginia investigator, and as such, the investigator was obligated to serve same. The statute itself is sufficient to answer defendant's first ground, and the defendant's motion is overruled.

Defendant's second ground has its basis in § 19.2-61 and 19.2-62 of the 1950 Code of Virginia (as amended prior to September 30, 1988). These sections prohibit, among other things, the willful interception of any wire or oral communication. The defendant relies on *Coghill v. Commonwealth*, 219 Va. 272 (1978). Further, he states that subsequent modification of the statutes in 1988 is indicative of the legislature's efforts to address the ruling of *Coghill, supra.*

One *Coghill* ruling (*supra*) is that there can be no "intercept" unless accomplished by a defined "device." It is noted that the *Coghill* facts involve the intercepts as a party to the communication and did not deal with the element of consent. It is clear that consent is a consideration independent of interception. *U.S. v. Harpel*, 493 F.2d 346 (10th Cir. 1974). *Coghill, supra*, raised the issue but went on to dispose of the case under the definition of "intercept." This Court rules consistent with *Coghill* that no interception took place within the definition of the statute. The affidavit specifically states that "Ms. Glenn advised me that the equipment she installed on her *telephone* worked . . . ."

*Harpel, supra*, deals with the issues of consent, intercept, and a third issue of "use in the ordinary cause of business." *Harpel* is consistent with *Coghill* on the issue of intercept.

*Harpel, supra*, draws a clear distinction between those cases wherein at least one party consents to the aural interception, *Rathburn v. U.S.*, 355 U.S. 107, 78 S. Ct. 161 (1957), and those cases in which neither party to the conversation consents to the intercept. It is apparent under § 19.2-62(2)(b) that consent is not a relevant issue in establishing the interception itself, since this subsection provides that an interception is not unlawful where the interceptor is a party to the communication or one of the parties to the communication has given prior consent to the interception. Therefore, if no interception, then consent is of no consequence.

Additionally, the issue of "use in the ordinary course of business" must be addressed. The Court can find no authority for the proposition that the defendant was not using the "device" in the ordinary course of business. The evidence both from the affidavit and at the pretrial

hearing revealed that the phone was leased by the defendant and the defendant paid the bills. Thus, the defendant had the authority to use the telephone in the ordinary course of business. *Anonymous v. Anonymous*, 558 F.2d 677 (2d Cir. 1977). *U.S. v. Vadino*, 680 F.2d 2329 (5th Cir. 1982).

The final argument to be addressed is that "totality of the circumstances" analysis of *Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317 (1983). The duty of the reviewing Court is simply to ensure that a magistrate had a substantial basis for concluding that probable cause existed. *Jones v. U.S.*, 362 U.S. 257, 80 S. Ct. 725, 736 (1960). In the case at bar, it can fairly be said that such a basis existed.

Therefore, the Court must deny the motion of the defendant.