# CIRCUIT COURT OF THE CITY OF RICHMOND

Mark T. Hulcher

v.

City of Richmond,
Kent Ryan, et al.

September 22, 1993

Case No. LU-4130–4

BY JUDGE T. J. MARKOW

This case came before the court on August 16, 1993, for hearing on defendant's Motion for Summary Judgment. The court took the matter under advisement. The court has now considered all the submissions of the parties, and is prepared to rule.

The Motion for Judgment and concessions of the parties reveal that plaintiff, while at work in the City of Richmond's Emergency Communications Department conducted a personal telephone call. The telephone call was recorded by a tape recording machine, as are all telephone calls conducted on the Department's telephones. Thereafter, defendant, a supervisor in the Department, allegedly rewound the tape recording and listened to the plaintiff's personal telephone conversation. Plaintiff further alleges that defendant discussed the conversation with and disseminated the contents of the taped recording to other Department employees.

Plaintiff's gravamen is that defendant's acts violate Chapter 6 of Title 9.2 of the Code of Virginia, the Virginia Wiretap and Eavesdropping Act. The Act, which regulates both the interception and disclosure of intercepted wire communications, provides a civil action for violations. *See* Va. Code § 19.2–69.

Plaintiff argues that defendant's listening to, disclosing, and disseminating the content of the conversation constitute an interception within the meaning of the Act. Defendant counters that the recordation

of the telephone conversation and its subsequent disclosure and dissemination do not amount to an interception.

The Act provides a civil action for "[a]ny person whose wire, electronic or oral communication is intercepted, disclosed or used in violation of this chapter." *Id.* Liability may attach to any person who:

> 1. Intentionally intercepts, endeavors to intercept or procures any other person to intercept or endeavor to intercept, any wire, electronic or oral communication;
>
> 2. Intentionally uses, endeavors to use, or procures any other person to use or endeavor to use any electronic, mechanical or other device to intercept any oral communication;
>
> 3. Intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, electronic or oral communication knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication; or
>
> 4. Intentionally uses, or endeavors to use, the contents of any wire, electronic or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire or oral communication . . . .

Va. Code § 19.2–62. To prevail under any of the above grounds, plaintiff must establish that an interception of a wire, electronic or oral communication occurred.

The Act defines the term "intercept" as "the aural acquisition of the contents of any wire, electronic or oral communication through the use of any electronic, mechanical or other device." Va. Code § 19.2–61. "Electronic, mechanical or other device" is defined, in pertinent part, as "any device or apparatus which can be used to intercept a wire or oral communication . . . ." *Id.*

In resolving the issue of whether the recordation of plaintiff's telephone conversation and its subsequent disclosure and dissemination constituted an "interception" within the meaning of the Act, this court relies on *Cogdill v. Commonwealth*, 219 Va. 272 (1978). In *Cogdill*, a prosecution for procurement of prostitution, the defendant argued that the admission of tape recordings of his telephone conversations into evidence violated the Act. Virginia's Supreme Court disagreed, holding that the recordation of the telephone conversations, and their sub-

sequent disclosure did not constitute interceptions within the meaning of the Act. *Id.* at 278–79. The court found:

> a basic distinction between an interception of the contents of a communication on the one hand and a recording of the contents on the other. The former is an "aural acquisition," an acquisition by overhearing; the latter is a recordation of what has been thus acquired. The Act proscribes the former when accomplished by use of a defined "device"; the Act does not proscribe the latter, even when accomplished by use of a "device".

*Id.* at 277.

The court quoted with approval *United States v. Harpel*, 493 F.2d 346 (10th Cir. 1974), construing the corresponding federal wiretapping statute, 18 U.S.C. § 2518(8)(a). *Harpel* rejected the argument that a tape recorder connected to a telephone receiver was an interception "device." *Id.* at 278. *Cogdill*'s interpretation of the Act comports with the legislative purpose behind the federal wiretapping statute. Congress was concerned with devices that "overhear" conversations, rather than devices that record conversations. *Smith v. Wunker*, 356 F. Supp. 44, 46 (S.D. Ohio 1972) (recording of private phone conversation and subsequent disclosure thereof did not violate federal wiretapping statute).

In the instant case, plaintiff alleges that defendant recorded plaintiff's telephone conversation by a tape recording machine. Applying the interpretation of the term "interception" as defined in *Cogdill*, such a recordation is not an interception. Accordingly, the recordation of the telephone conversation did not violate the Act. Plaintiff further contends that defendant disclosed and disseminated the contents of the recorded telephone conversation. For these acts to violate the Act, an interception of a wire, electronic or oral communication must have occurred. *See* Va. Code § 19.2–62(2), (3), (4). Because no interception of the telephone call occurred, plaintiff cannot prevail under the Act for the disclosure and dissemination of the telephone conversation's contents.

Plaintiff's argument that *Cogdill* provides minimal guidance for resolving whether the recordation of the telephone call constitutes an interception because the decision predates an amendment to the Act is unfounded. The amendment adds a definition of "intercept" to Va.

Code § 19.2–68, which deals with the application for and issuance of orders authorizing wiretapping. The purpose of this amendment is to authorize issuance of wiretaps in the jurisdictions where the wiretap is physically placed, as opposed to where the wiretap would be heard. *Smith v. Commonwealth*, 3 Va. App. 650, 654–55 (1987), *appeal dismissed*, 234 Va. 573 (1988). Accordingly, the definition of intercept contained in Va. Code § 19.2–68 is inapplicable to the instant case.

Plaintiff's reliance on *Watkins v. L. M. Berry & Co.*, 704 F.2d 577 (11th Cir. 1983), is not well placed in that its facts are distinguishable from the instant case. *Watkins* involved the monitoring of a personal telephone call by means of an extension telephone. By contrast, the instant case concerns a recordation of a telephone conversation. *Cogdill* states that the Act proscribes an "aural acquisition" by overhearing such as occurred in *Watkins*, while the recordation of a telephone call is not prohibited.

For the foregoing reasons, defendant's Motion for Summary Judgment is sustained.