DECISION
Before this Court is Jeffrey O'Brien's and Jordan S. Smith's (defendants) motion in limine to exclude a videotape (including the oral portion thereof), taken by defendant Jordan Smith, that allegedly depicts defendant Jeff O'Brien and a woman engaged in sexual activity.[1] The videotape was taken surreptitiously and without the woman's consent.
The defendants are charged with one count each of violating the Rhode Island Wiretap Law pursuant to G.L. §11-35-21(a)(1) and (c)(3).[2]
Rhode Island General Law § 11-35-21 entitled, "Unauthorized interception, disclosure or use of wire or oral communications," Section (a) states:
 "(a) Except as otherwise specifically provided in Chapter 5.1 of title 12, any person:
 (1) who wilfully intercepts, attempts to intercept, or procures any other person to intercept or attempt to intercept, any wire or oral communication; . . . shall be imprisoned for not more than 5 years."[3]
While it is true that a visual observation without a soundtrack is not an aural acquisition nor a wire or oral communication, the defendant's reliance on cases that involve purely video images without sound is inapplicable to the present situation. U.S. v. Torres, 751 F.2d 875, 880 (7th Cir. 1984);U.S. Koyomejian, 970 F.2d 536, 540 (9th Cir. 1992).
It is undisputed that the videotape at issue contains both visual images and audio sound comprising oral communication uttered by the victim. "The soundtrack of a videotape, no less than a free-standing tape recording is within the scope [of Title III]." Torres, 751 F.2d at 885. As a result, the defendants' assertion that the videotape in question does not fall under the Wiretap Law because it contains video images, is without merit.
The defendants' second argument is that the recorder attached to the video camera is not an "intercepting device" pursuant to statute. The defendants aver that a video recorder is not used to intercept, i.e. acquire the contents of a communication, but rather, the recorder simply memorialized what was heard by the defendants' ears.
The State contends that an "interception" took place when the oral communication was acquired at the time of recording. The State further argues that a video recorder becomes an intercepting device under the statute when it is also creating an audio recording.
"Statutory definitions are themselves an indication of legislative intent and the Court will ordinarily give strict meaning to those definitions." State v. DeLaurier, 488 A.2d 688, 693 (R.I. 1985). The term "intercept" is defined as "the aural acquisition of the contents of any wire or oral communication through the use of any electronic, mechanical, or other device." G.L. § 12-5.1-1(5), 18 U.S.C.A. § 2510(4); DeLaurier, 488 A.2d at 694. The term "intercepting device" means any device or apparatus which can be used to intercept wire or oral communications. . . ."[4] § 12-5.1-1 (6).
In analyzing these definitions, the Court in U.S. v. Harper
noted that a tape recorder "placed next to, or connected with, a telephone receiver cannot itself be the `acquiring mechanism. It is the receiver which serves this function — the recorder is a mere accessory designed to preserve the contents of the communication." 493 F.2d 346, 350 (10th Cir. 1974). "It is the means whereby the contents of the conversation are acquired that is crucial." Id. at 350. "Intercepting the audio portion [of a closed circuit television picture of a meeting] would be an interception of an oral communication and the statute would apply to that portion." Koyomejian, 970 F.2d at 540-541. (Quoting 1986 Senate Report on Title 1) (citations omitted.)
In the present case, the audio recorder is the acquiring mechanism which intercepted the oral communications between the parties. Compare, Torres, 751 F.2d 875 (where video images and audio sound were recorded on different equipment). The interception and recording of the communications were through the video camera; the videotape is simply not the recording of a communication which has been intercepted by another device. See,Harpel, 493 F.2d 346.
The defendants' third argument is that the interception was not made for an improper purpose pursuant to § 11-35-2
section (c), supra, and no such illegal purpose was proven. The State avers that the tortious act was the deprivation of the victim's right to privacy pursuant to G.L. § 9-1-28.1.
Section 9-1-28.1 provides a cause of action for deprivation of one's right to privacy. A violation of the right to be secure from unreasonable intrusion upon one's physical solitude or seclusion, can occur after establishing an invasion of something that is entitled to be private or would expected to be private; and such invasion was or is offensive or objectionable to a reasonable person.
In the present matter, it is not untenable to conclude than an expectation of privacy exists when a person engages in behavior and communications of such a personal and intimate nature.[5] ". . . [I]t is also unarguable that television surveillance is exceedingly intrusive, especially in combination (as here) with audio surveillance." Torres, 751 F.2d at 882 (1984).
As such, the victim's invasion of privacy under §9-1-28.1 can constitute the improper purpose or tortious act pursuant to § 11-35-21(c).
For the above reasons, the defendant's motion in limine to exclude the videotape is denied.
This matter will proceed to trial on 11/25/97. Trial Calendar call 11/19/97.
[1] For the purpose of this decision, it is unnecessary for the Court to identify the woman by name.
[2] Defendant Jeffrey O'Brien has also been charged with one count of conspiracy.
[3] Because these statutory sections closely paralleled Title III of the Omnibus Crime Control and Safe Street Act of 1968, later amended and retitled by Title 1 of the Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2510-2521, this Court and the cases cited herein, will rely upon the pertinent federal sections in their analysis.
[4] Subsection 6(a) further excludes telephone or telegraph instruments used under certain circumstances, and hearing aids used to correct subnormal hearing. Both provisions are inapplicable to the case at bar.
[5] Compare, State v. DeLaurier, where the Court held that nojustified expectation existed on cordless phone communications that were broadcast on AM Radio. 488 A.2d 694 (R.I. 1985).