**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 2 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

OTIS KINSEY, an individual; GARY
MONTGOMERY, an individual,

      Plaintiffs-Appellees,

v.

WILLIE CASE,

      Defendant-Appellant.

No. 97-6289
(D.C. No. CIV-96-1902-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**  *

---

Before **PORFILIO** , **KELLY** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Willie Case appeals from the district court's grant of summary judgment against him on plaintiffs' claims under Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2520, which provides a civil remedy in favor of any person whose wire, oral or electronic communication is intercepted in violation of the Act. We review the district court's grant of summary judgment de novo, see Seymore v. Shawver & Sons, Inc. , 111 F.3d 794, 797 (10th Cir.), cert. denied , 118 S. Ct. 342 (1997), and affirm.

Briefly stated, the undisputed facts are as follows: Plaintiffs and defendant were teachers at Douglass High School in Oklahoma City. Many classrooms in the school have telephones that are connected to the principal's office by specialized extensions. Over his telephone extension, defendant personally heard plaintiffs making plans to orchestrate his termination, and he subsequently began tape recording all of their (and apparently others') telephone calls from his extension for a three-month period. He recorded eighteen cassette tapes of phone conversations, including sixty-six calls between plaintiffs and various third parties. Plaintiffs did not consent to the recording of their conversations. Defendant disclosed the tapes of plaintiffs' conversations to his attorney in this matter and to another attorney in a related state court proceeding.

In its thorough and well-reasoned decision, the district court determined that the telephone conversations were wire communications within the meaning of

§ 2510(1), that defendant's interception of them did not fall within the telephone or business extension exemption created by §§ 2510(4) and (5), that defendant's self-defense and good-faith defenses were not recognized defenses to violations of the Act, and that defendant had disclosed the intercepted communications. It therefore concluded that defendant violated § 2511(1) with respect to each plaintiff. The court awarded plaintiffs $10,000 each as statutory damages under § 2520(c)(2)(B), plus attorney fees, and enjoined defendant from engaging in further wiretapping activity and disclosure of intercepted communications.

Defendant raises three arguments on appeal. He contends first that plaintiffs did not have a legitimate expectation of privacy in their communications over the school telephone system and that their communications were therefore not protected by the Act. Defendant, however, intercepted *wire* communications, and "[w]ire communications, unlike oral communications, are protected against interception by electronic, mechanical, and other devices regardless of the speaker's expectation of privacy." Briggs v. American Air Filter Co., 630 F.2d 414, 417 n.4 (5th Cir. 1980) (comparing § 2510(1) with § 2510(2)); see also United States v. Harpel, 493 F.2d 346, 349 (10th Cir. 1974) (recognizing lack of requirement to prove reasonable expectation of privacy with regard to intercepted wire communications).

Defendant next contends that his interception of plaintiffs' telephone conversations was justified on the grounds of self-defense; that is, he was trying to protect himself from plaintiffs' wrongful conspiracy to terminate his employment. We agree with the district court that this is not a recognized defense under the statute.

Finally, defendant contends that because he had filed an earlier action against plaintiffs in state court, "jurisdiction was in the state court and the federal court should have yielded to the proceedings in state court and [defendant] adopts and reurges his argument as raised in the Court below." Appellant's Br. at 15. Fed. R. App. P. 28(a)(6) requires that an appellant's "argument must contain the contentions of the appellant on the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on." The rule does not allow the incorporation by reference of arguments made in the district court. See Graphic Controls Corp. v. Utah Med. Prods., Inc., 149 F.3d 1382, 1385 (Fed. Cir. 1998); Pitsonbarger v. Gramley, 141 F.3d 728, 740 (7th Cir. 1998), petition for cert. filed, (U.S. July, 8, 1998) (No. 98-5153). We therefore will not consider this argument.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge