

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-479-07

### DARRYL MOSELEY, Appellant

### v.

### THE STATE OF TEXAS

### ON PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### BEXAR COUNTY

**JOHNSON, J., delivered the opinion for a unanimous Court.**

## O P I N I O N

A jury convicted appellant of murder and assessed his sentence at life in prison. The court

of appeals affirmed the conviction and sentence. *Moseley v. State*, 223 S.W.3d 593 (Tex. App.–

Amarillo 2007). We granted appellant's sole ground for review: "The Court of Appeals erred in

finding that the recording of Appellant's telephone conversations made at the police station was not

an intercepted wire communication, and therefore was admissible against Appellant."

San Antonio police officers arrested appellant after finding him in possession of the

complainant's car and discovering her body in the trunk. At the homicide division of the police

department, detectives questioned appellant in an interview room. That interrogation and the periods

of time during which appellant was left alone and allowed to make telephone calls were recorded on a digital video disc (DVD). Appellant unsuccessfully sought to prevent admission of that DVD into evidence at trial. On appeal, appellant challenged the trial court's denial of his suppression motion. He contended that the trial court erred when it overruled his objection that the recording of his telephone conversations in the interview room, during which he admitted the offense and elicited help in creating an alibi, was made illegally because it constituted an interception[1] of a wire communication,[2] in violation of TEX. PENAL CODE § 16.02,[3] and that the conversations were therefore inadmissible under TEX. CODE CRIM. PROC. art. 18.20, § 2(a)(1).[4] We affirm the judgment of the court of appeals.

**The Appeal**

The court of appeals determined that, although appellant's statements were transmitted to a third party via a wire communication, the wire communication was not offered into evidence. The

---

[1] Article 18.20, § 1(3).

"Intercept" means the aural or other acquisition of the contents of a wire, oral, or electronic communication through the use of an electronic, mechanical, or other device.

[2] Article 18.20, § 1(1).

"Wire communication" means an aural transfer made in whole or in part through the use of facilities for the transmission of communications by the aid of wire, cable, or other like connection between the point of origin and the point of reception, including the use of such a connection in a switching station, furnished or operated by a person authorized to engage in providing or operating the facilities for the transmission of communications as a communications carrier. The term includes the electronic storage of a wire communication.

[3] TEX. PENAL CODE § 16.02 provides that interception of a wire or oral communication is a crime.

[4] Sec. 2. Prohibition of Use as Evidence on Intercepted Communications.

(a) The contents of an intercepted communication and evidence derived from an intercepted communication may be received in evidence in any trial, hearing, or other proceeding in or before any court, . . . of this state . . . unless:
(1) the communication was intercepted in violation of this article, Section 16.02, Penal Code, or federal law; . . . .

evidence offered was the DVD, a visual and aural recording of appellant's words spoken in the interview room that did not constitute a "wire communication." *Moseley v. State*, 223 S.W.3d 593, 599 (Tex. App.–Amarillo 2007). The court of appeals also held that appellant's words did not constitute an "oral communication" under TEX. CODE CRIM. PROC. art. 18.20, § 1(2),[5] because "the communication itself was not made under circumstances that justify an expectation that the communication would not be intercepted and is, therefore, not an 'oral communication' within" the statutory definition of TEX. PENAL CODE § 16.02. *Moseley*, 223 S.W.3d at 599.[6] Because the court of appeals found that appellant's words were neither a wire communication nor an oral communication, it declined to decide whether the recording of appellant's side of the telephone conversation constituted an "interception" of a wire or oral communication for the purposes of TEX. PENAL CODE § 16.02. *Id.*

**Facts**

Two detectives testified about the interrogation at both the pre-trial suppression hearing and the trial. The record reflects that appellant was interrogated in a small interview room in the homicide office at the police station. The entire interrogation, including the periods of time during which appellant was alone in the room, was recorded on the contested DVD. Signs in the area of the interview room stated that interviews were subject to recording, and appellant admitted near the end of the DVD that he was aware that he was subject to being recorded.

---

[5] Article 18.20, § 1(2)

"Oral communication" means an oral communication uttered by a person exhibiting an expectation that the communication is not subject to interception under circumstances justifying that expectation. The term does not include an electronic communication.

[6] Appellant does not challenge that finding.

Detective Slaughter testified to the procedures used to record interrogations in the police interview room: a DVD monitor and DVD recorder are set up in another room, and a pin-hole camera in the interview room is used to record interrogations. He also testified that the DVD recorded only what could be seen and heard in the interview room and that, if anyone were talking on the telephone in the room, only the words of the person speaking in the room would be heard.

During the course of the interrogation, appellant was left alone for a few minutes and was offered the use of a telephone that was in the room. While he was alone, appellant made multiple telephone calls. What appellant said while talking on the telephone was recorded on the DVD, but the responses of the person to whom appellant was speaking on the telephone, which were "wire communications," could not be heard and were not recorded.

**The Arguments**

Appellant's sole ground for review asserts that the court of appeals erred in finding that the recording of these telephone conversations was not an intercepted wire communication and was thus admissible against him. Appellant argues that, because the recording of the telephone conversations "constituted an illegal intercept of a wire communication" as described by TEX. CODE CRIM. PROC. art. 18.20, § 1(3), the content of the conversations recorded on the DVD was obtained in violation of TEX. PENAL CODE § 16.02. The DVD was, therefore, inadmissible under TEX. CODE CRIM. PROC. art. 38.23, which provides that no evidence obtained in violation of the laws of Texas shall be admitted into evidence against the accused on the trial of any criminal case. He asserts that, because he did not know he was being recorded, the consent exception to the wiretap law does not apply and that the law-enforcement exception does not apply because the San Antonio Police Department did not make known to him any stated policy about monitoring all outgoing calls made from the police

station.[7]

Appellant concedes that, while "he was not in a jail or prison cell when he made these calls, he was certainly in police custody" and "therefore had no expectation of privacy." (Appellant's Opening Brief, p. 18.) Nevertheless, he compares Article 18.20's definition of wire communication to its definition of oral communication and points out that the definition of wire communication differs in that it does not speak to an expectation, justifiable or otherwise, that the communication not be subject to interception, and thus an expectation of privacy, or lack thereof, is not dispositive.

Appellant argues that "[t]he more reasoned and reasonable interpretation of the statute looks to the literal language of the law." (Appellant's Opening Brief, p. 18.) He relies on the literal language of article 18.20, § 1(1), which defines wire communication as "an aural transfer made . . . through the use of facilities for the transmission of communication by . . . wire . . .." He asserts that his telephone calls, which undeniably went through telephone wires, were wire communications, "even though the parts of the conversations contributed by the persons on the other end of the line were not captured by the audio portion of the DVD." (Appellant's Opening Brief, p. 19.)

Appellant also points out that, pursuant to Article 18.20, § 1(3), an "intercept" is the "aural . . . acquisition of the contents of a wire . . . communication through the use of an electronic, mechanical, or other device," and that "the *contents* of [his] end of these wire communications were captured by the DVD recorder, an electronic device." (Appellant's Opening Brief, p. 19.)(emphasis in original.) Appellant also seems to argue that, since the DVD recorder was an electronic device,

---

[7] Appellant directs us to Tex. Penal Code § 16.02(c)(3)(A):
"It is an affirmative defense to prosecution under Subsection (b) that: . . . (3) a person acting under color of law intercepts: (A) a wire, oral, or electronic communication, if the person is a party to the communication or if one of the parties to the communication has given prior consent to the interception; . . . ."

it "intercepted" the events that occurred in the interview room, including his side of the telephone conversation.[8]

Appellant urges us to consider *Lane v. Allstate Ins. Co.*, 969 P.2d 938, 940 (Nev. 1998), in which the Nevada Supreme Court interpreted a state statute that included definitions of "intercept" and "wire communication" that are similar to the definitions in the Texas statute. The *Lane* court held that "[t]he taping of a telephone conversation is clearly the aural acquisition of the contents of a wire communication through the use of a mechanical device or receiving equipment." However, *Lane* was a civil suit that involved the recording, by the plaintiff, of both parts of the plaintiff's telephone conversations, rather than the recording of only what was said by a single person in an interview room, as in the instant cause. *Id*. at 941.

Appellant also cites *United States v. Axselle*, 604 F.2d 1330, 1334 (10th Cir. 1979), which held that, under the federal statute, a unrecorded telephone conversation overheard by a motel switchboard operator was an intercepted wire communication. But again, this differs significantly from the instant cause in that it involved eavesdropping on an entire telephone conversation that was admittedly transmitted over wires and that was in fact intercepted, rather than one-half of a conversation–one person speaking on the telephone in an interview room.

Appellant points to Detective Slaughter's comment, heard on the DVD, in which he told appellant that telephone calls were being "tapped" and asserts that the comment indicates that "the police listened in to the calls and perhaps recorded them." (Appellant's Opening Brief, p. 20.) However, appellant failed to cross-examine Detective Slaughter about the meaning of the "tapped"

---

[8] Because it found that the DVD constituted neither a wire communication nor an oral communication, the court of appeals explicitly declined to decide whether the recording of appellant's side of the telephone conversation constituted an interception of that communication for the purposes of § 16.02, *Moseley* at 599, and appellant's sole ground does not take issue with or seek review of the court of appeals's decision not to rule.

comment, and there was no explanation of the comment. At trial, when appellant conducted a voir dire examination of Detective Slaughter and asked about "the method by which you're able to hear that telephone conversation," Slaughter responded,

> All – all you can hear is the actual person that's talking on one end. You can't hear the other – other end of the conversation. You just hear what the person's saying in the interview room.

We have reviewed the DVD and find that only appellant's side of the telephone conversation could be heard and that the words of the persons to whom appellant was speaking were not recorded. We find no evidence in the record that there was any recording of the telephone conversation, other than on the DVD. We conclude that the comment about the telephones being "tapped" is not evidence that the police were actually listening to or recording both sides of appellant's telephone conversations by the use of some undisclosed electronic or wire device. In any event, the contents of any such intercepted wire communication were not offered or admitted into evidence at trial.

The state argues that the court of appeals correctly decided that the DVD recording of appellant in the interview room, which captured and recorded statements made by him while he was speaking on a telephone, was not a wire communication. It asserts that appellant's statements in the interview room were ordinary, audible statements when they were recorded by the DVD, and that while the telephone into which appellant was speaking transformed what he said into a form that could be, and was, sent over a wire–making that part of appellant's vocalizations a wire communication–the DVD recording itself did not contain any part of the wire communication.

### Analysis

Several cases from other jurisdictions have interpreted similar factual situations under an analogous federal or state statute. *United States v. Carroll*, 332 F.Supp. 1299, 1300 (D.D.C. 1971),

involved the "overhearing of a person talking in an adjacent hotel room whose statements to others in the room and over the telephone were recorded on a tape recorder as the voice was picked up coming through a closed connecting door." The district court held "that the overhearing and recording of one end of a telephone conversation without the actual interception of a communication passing through the wires, was not intended to be included within the definition of the term 'wire communication[.]'" *Id*. at 1301. The court noted that "[o]nly one side of the telephone calls was recorded and no device was affixed to any wire or used to pick up any talk from a wire." *Id*. at 1300. Thus, "[n]o interception of a wire communication [was] involved." *Id*. at 1301.

In *Siripongs v. Calderon*, 35 F.3d 1308, 1319 (9th Cir. 1994), an officer used a hidden recorder to record an inmate's telephone call from the jail. The court held that this was not an intercepted wire communication within the meaning of the federal statute because police recorded only what Siripongs said into the mouthpiece, not what was transmitted over the wire. *Id*. at 1320.

A California case, *People v. Suttle*, 90 Cal.App.3d 572 (Cal. Ct. App. 1979), presents circumstances similar to those we consider here. Two arrested defendants were placed in separate cells, separated by a two- or three-foot corridor. The area was equipped with a hidden listening device connected to a tape recorder. *Id*. at 576. One of the defendants was permitted to call his mother using a portable telephone, which was wheeled to a position outside his cell. His side of the conversation with his mother was recorded by the tape recorder that was connected to the listening device, as was the voice of the other defendant, heard in the background volunteering information. *Id*. When Suttle challenged the admissibility of the recording of his telephone conversation with his mother, the court of appeal held that one-half of a telephone conversation is not a wire communication. *Id*. at 579. It added that "[a]lthough the speaker's voice is carried over the

telephone wire, it also escapes into the area surrounding the speaker for some distance and can be overheard without resort to interception of it over the wire." *Id*.

We hold that words that are spoken into a telephone receiver and that can also be heard in the area surrounding the speaker without electronic assistance are not "wire communications" as defined in Article 18.20, § 1(1). Any recording of those words merely memorializes what could be seen and heard in the interview room.

## Conclusion

The record does not support a finding that there was any recording made by tapping into the telephone wires. The record does show that the only recorded communication offered into evidence was the appellant's half of a telephone conversation–a communication that was transmitted over a telephone line, but also "escaped into the area surrounding" appellant and could "be overheard without resort to interception of it over the wire." We conclude that the court of appeals did not err in determining that the appellant's telephone conversations were not wire communications; the evidence offered, the DVD, "was merely a recording of appellant's side of the conversation" and did not intercept any portion of the wire communication.

We overrule appellant's ground for review and affirm the judgment of the court of appeals.


Delivered: April 30, 2008
Publish