No. 20,309.

PATRICK SALAZAR *v*. THE PEOPLE OF THE STATE OF COLORADO.
(384 P. [2d] 725)

Decided August 26, 1963.

Mr. Sam T. Taylor, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. John E. Bush, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Sutton delivered the opinion of the Court.

Plaintiff in error was found guilty by a jury of possession of marijuana (Cannabis Sativa L) in the district court of Huerfano County and was thereafter sentenced to a term of 6 to 10 years in the state penitentiary. He seeks review of the judgment by writ of error. We will refer to the plaintiff in error as defendant.

The record discloses that defendant was arrested on the night of April 11, 1960, for being involved in a disturbance on the streets of Walsenburg, Colorado. He was taken to the city jail where his personal possessions were taken from him and out of his presence examined by a police officer. The officer found some suspicious looking "seeds" in the defendant's wallet which were later sent to the U. S. Treasury Department, Bureau of Narcotics, where they were identified as being those of the marijuana plant, a prohibited drug. Defendant was thereafter charged and tried for the illegal possession of marijuana.

The state introduced as evidence both the defendant's wallet and the seeds. No objection was made to this evidence at the time; however, counsel later objected because he said "I don't think a proper foundation has been laid between what was in here (the wallet) and what was sent." The ruling thereon was held in abeyance and the record does not disclose what it was. In any event, no motion was made for the return of the wallet or seeds or to suppress them as evidence on the ground that they were inadmissible as the result

of an illegal search and seizure as defendant now contends was the case. This ground of alleged error must therefore be disregarded. See: *Colo. Rules Criminal Procedure* 41(e).

The other ground urged for reversal is the allegation that the statute imposes on the state the burden of proving the requirement that the seeds in question were capable of germination and it had failed to do so.

The statute (C.R.S. '53, 48-6-1 (13) provides in pertinent part that:

"(13) 'Cannabis' includes all parts of the plant Cannabis Sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or resin; *but shall not include* the mature stalks of such plant, fiber produced from such stocks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture or preparation of such mature stalks, except the resin extracted therefrom, fiber, oil, or cake, or *the sterilized seed of such plant which is incapable of germination.*" (Emphasis supplied.)

The general rule contended for by the state regarding burden of proof in the instant case is that the accused has the burden of proving he is within an exception or proviso in the statute creating the offense, except where the terms of the exception or proviso are part of the description of the offense. *7 Fifths Old Grand-Dad Whiskey, et al., v. United States,* 158 F. (2d) 34 (1946); 22A C.J.S. Criminal Law § 572. We agree with this proposition of law, but find that in this case the terms of the proviso are part of the description of the offense. Thus the state was required to prove that he was guilty of the possession of Cannabis Sativa L and particularly that the seeds in question, which were the only part of the plant involved, were capable of germination.

We have the question then as to whether the state

carried its burden of proof. We agree with the learned trial court that it did. The state's evidence showed the possession of the seeds by defendant as well as evidence as to their germinating capacity. In regard to the latter point the state introduced the testimony of a federal narcotics agent, who on direct examination testified: "Q. *Now, these seeds,* what are they used for generally? A. Generally for propagation. Q. Cultivation? A. Cultivation. Q. And each seed is capable, would you say, under ordinary circumstances, to propagate a plant, is that right? A. Yes, sir." (Emphasis supplied.)

There was no rebuttal offered to the above testimony. We conclude that it was sufficient to meet the state's burden of proving the germinating ability of the seeds.

The judgment is affirmed.

Mr. Justice Hall and Mr. Justice McWilliams concur in the result.