599 P.2d 921 (1979)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Fred Edward ANZURES, Defendant-Appellant.
No. 78-329.
Colorado Court of Appeals, Div. I.
March 1, 1979.
Rehearing Denied March 22, 1979.
Certiorari Denied August 20, 1979.
*922 J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Law Offices of Timothy W. Hasler, James A. Martell, Fort Collins, for defendant-appellant.
PIERCE, Judge.
Defendant, Fred Edward Anzures, was convicted of possession of cannabis in violation of § 12-22-404(1)(l), C.R.S.1973 (now in 1978 Repl. Vol. 5). He appeals and we reverse.
The People's expert witness testified that the seized substance contained 96 grams of plant material which he identified as "cannabis sativa L." Defendant argues that the evidence was insufficient to sustain his conviction, since there was no showing that the substance was not derived from mature stalks of the marijuana plantmaterial which is excluded from the definition of "cannabis." See § 12-22-403(1.5), C.R.S.1973 (now in 1978 Repl. Vol. 5). We agree.
In Salazar v. People, 153 Colo. 93, 384 P.2d 725 (1963), our Supreme Court stated the applicable rule governing burden of proof:
"[T]he accused has the burden of proving he is within an exception or proviso in the statute creating the offense, except when the terms of the exception or proviso are part of the description of the offense."
Salazar's conviction for possession of cannabis arose from his possession of marijuana seeds. However, marijuana seeds incapable of germination are excluded from the definition of "cannabis." C.R.S.1953, 48-6-1(13) (now § 12-22-403(1.5), C.R.S.1973 (now in 1978 Repl. Vol. 5)). The Supreme Court held that this statutory exception was "part of the description of the offense," and thus ruled that the People had the burden of proving that the seeds were germinable.
We believe Salazar is dispositive here. There is no logical difference between proving that seeds are germinable and proving that plant material consists solely of mature stalks. Both are "part of the description of the offense" within the meaning of Salazar ; indeed, they are included in the same sentence in the statute. Therefore, in appropriate cases, the mature stalk exception, as well as the non-germinable seed exception, may have to be negated by the State as part of its prima facie case.
Here, there was no evidence indicating that the seized substance was not derived from mature stalks. Thus, the State failed to present a prima facie case, and the trial court erred in failing to grant defendant's motion for judgment of acquittal.
Because of our resolution of this issue, we do not reach defendant's other assignments of error.
Judgment reversed.
KELLY, J., concurs.
COYTE, J., dissents.
COYTE, Judge, dissenting:
In my view, the portion of the Salazar rule relied upon by the majority was identified as dicta and was impliedly overruled by Ziatz v. People, 171 Colo. 58, 465 P.2d 406 (1970). I read Ziatz as placing on the defendant the burden of proving any definitional exception, regardless of whether the exception is characterized as "part of the description of the offense."
I recognize that Ziatz involved a narcotic drug, as opposed to a dangerous drug. I also recognize that the narcotic drug statute contains a provision expressly placing on defendant the burden of proving any exception, while the statute on dangerous *923 drugs contains no similar provision. See § 12-22-320, C.R.S.1973 (now in 1978 Repl. Vol. 5). However, this difference appears to be more a drafting oversight than a manifestation of legislative intent. I see no reason to distinguish, for burden of proof purposes, between narcotic drugs and dangerous drugs, and neither the majority here nor the Supreme Court in Ziatz expressly purports to do so.
Once the People's expert testified that the seized substance contained cannabis, I believe the burden of proving that the cannabis was derived from mature stalks was on defendant. Since he failed to meet that burden, the trial court did not err in denying his motion for judgment of acquittal.
I would hold that the balance of defendant's arguments are without merit, and would therefore affirm the judgment.