**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Fred Edward ANZURES, Defendant-Appellant.**

No. 81CA0688.

Colorado Court of Appeals, Div. III.

Feb. 17, 1983.

Rehearing Denied March 17, 1983.

Certiorari Denied Sept. 12, 1983.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Virginia Byrnes, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Richard M. Borchers, P.C., Richard M. Borchers, Randall J. Davis, Westminister, for defendant-appellant.

TURSI, Judge.

Defendant, Fred Edward Anzures, appeals the denial of his Crim.P. 35 motion which sought reinstatement of a deferred judgment. We reverse.

In November 1975, pursuant to a deferred sentence stipulation, the defendant entered a plea of guilty to possession of a narcotic drug in an amount less than ½ ounce, a misdemeanor, and to the sale of a narcotic drug (cannabis) a felony. The court deferred judgment and sentencing on the felony charge for a period of two years and imposed the following conditions: "1) that defendant at all times remains law

abiding, and 2) that during the deferred sentence, the defendant shall not use narcotics or dangerous drugs, except as legally prescribed, nor will he knowingly associate with known users or traffickers of narcotics or dangerous drugs...."

On January 27, 1977, the People filed a "Motion to Revoke Deferred Sentence and to Impose Sentence Forthwith" alleging that defendant had been charged with the crimes of possession of a dangerous drug with intent to dispense, a felony, and joyriding, a class 4 felony and, "that the involvement of the defendant ... in the aforementioned criminal activity violates the conditions of the deferred sentence stipulation." On motion of the defendant, with the concurrence of the district attorney and the trial court, the matter of the revocation was continued until disposition of the criminal charges.

The joy riding charge was dismissed before trial, and defendant was convicted of the charge of possession of dangerous drug with intent to dispense. From the record as supplemented at our request, it appears that immediately after that conviction, the trial court, based upon that conviction, without further evidence, vacated the deferred judgment and imposed sentence.

Defendant appealed the conviction, and this court, in *People v. Anzures,* 42 Colo. App. 230, 599 P.2d 921 (1979), held that the trial court had erred in failing to grant defendant's motion for judgment of acquittal. After mandate had issued to the district court, and a judgment of acquittal was entered on the criminal charges, defendant filed the subject Crim.P. 35 motion.

Defendant contends that the reversal and remand for judgment of acquittal is res judicata as to his guilt of the charge upon which the revocation was based and that the People are collaterally estopped from relying on that charge to revoke his deferred sentence. We agree.

Section 16–7–403(2), C.R.S.1973 (1978 Repl.Vol. 8) gives a defendant in a deferred sentencing matter the same procedural safeguards contained in revocation of probation hearings. Section 16–11–206, C.R.S. 1973 (1978 Repl.Vol. 8); *see also* Crim.P. 32(g). Section 16–11–206(1), C.R.S.1973 (1978 Repl.Vol. 8) provides that the probationer shall be advised in accordance with § 16–7–206, C.R.S.1973 (1978 Repl.Vol. 8) except that there shall be no right to trial by jury. Further, § 16–11–206 provides that the burden on the prosecution shall be by a preponderance of the evidence "except that the commission of a criminal offense must be established beyond a reasonable doubt unless the probationer has been convicted thereof in a criminal proceeding."

Anzures argues that since the commission of crime charged and the conviction thereof was the sole basis of the revocation and subsequent imposition of sentence, the validity of the revocation must be tested by the validity of the conviction. He contends that the general law covering the question of double jeopardy, res judicata, and collateral estoppel as spelled out in *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969) and *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) has been incorporated into the law of Colorado by *People v. Horvat,* 186 Colo. 202, 527 P.2d 47 (1974) and *People ex rel. Farina v. District Court,* 191 Colo. 225, 553 P.2d 394 (1976). We agree.

In its present posture this is a case of first impression in Colorado. However, we find guidance in *People v. Peretsky,* 44 Colo.App. 270, 616 P.2d 170 (1980), wherein the trial court which had previously revoked a deferred judgment on the basis of a subsequent conviction, vacated the revocation when the conviction which was the subject of the revocation was reversed and remanded for new trial. When on retrial, the defendant therein was again convicted, the latter conviction was used as grounds for revocation of the deferred sentence.

However, here, the People failed to establish the guilt of the defendant beyond a reasonable doubt on the subsequent charge

so this court reversed the judgment of conviction, with the consequence being that a judgment of acquittal was entered by the trial court. *See Anzures v. People, supra.* Thus, the crime charged as cause for revocation has been adjudicated against the People, and they are collaterally estopped from proceeding thereon.

Although dealing with the issue of parole revocation, we find persuasive the reasoning set out in *People v. Grayson,* 58 Ill. 260, 319 N.E.2d 43 (1974) and *Standlee v. Rhay,* 403 F.Supp. 1247 (1975). In *Grayson,* the court, citing *Ashe v. Swenson, supra,* said: "Once the ultimate and only disputed fact ... had been determined by a final and valid judgment, the State could not constitutionally hale defendant before a new court in a criminal proceeding or probation revocation proceeding and litigate that issue again." In *Standlee,* the court said:

> "This court does not conclude that petitioner's criminal prosecution and subsequent revocation based on the same conduct constitutes double jeopardy in the usual sense of that term where a person is prosecuted twice by the State for the same offense. Such a conclusion would contravene the traditional notion that revocation of parole is a continuing consequence of the original conviction from which parole was granted and is not a consequence of the offense on which revocation is based. Rather *Ashe* defines the principle that double jeopardy can occur in another sense when an ultimate fact upon which a person's freedom depends is litigated twice between him and the State, irrespective of whether that fact is litigated in the context of the same or different offenses. In this important respect *Ashe* broadens the concept of double jeopardy to encompass the situation presented in this case where the initial criminal charge and subsequent parole revocation are technically based on the commission of wholly separate offenses, but where the same facts are determinative of guilt for each...."

Accordingly, the denial of defendant's Crim.P. 35 motion is reversed and the cause is remanded to the trial court with instructions to vacate the sentence imposed and to reinstate the deferred judgment.

BERMAN and KIRSHBAUM, JJ., concur.