**Patrick Anthony BROWN,
Petitioner–Appellant,**

v.

**COLORADO DEPARTMENT OF CORRECTIONS; Aristedes Zavaras; Appleton Economic Development Authority; Appleton Prison Corporation; Prairie Correctional Facility, and its Warden, Hoyt Brill, Respondents–Appellees.**

**No. 95SA247.**

Supreme Court of Colorado,
En Banc.

April 29, 1996.

Patrick Anthony Brown, Cañon City, pro se.

Gale A. Norton, Attorney General, Timothy M. Tymkovich, Solicitor General, Garth C. Lucero, Deputy Attorney General, Paul S. Sanzo, First Assistant Attorney General, Denver, for Respondents–Appellees.

PER CURIAM.

The petitioner, Patrick Anthony Brown (Brown), filed a pro se petition for writ of habeas corpus, alleging that the contract between the Colorado Department of Corrections (DOC) and the Appleton Economic Development Authority (AEDA), which owns the Prairie Correctional Facility (PCF) in Appleton, Minnesota, is illegal and void. The trial court denied the petition on June 20, 1995, and Brown appeals from that denial.

The Jefferson County District Court sentenced Brown to the custody of the DOC pursuant to his conviction of Conspiracy to Commit First Degree Murder, Reckless Endangerment, and Violation of Bail Conditions. Brown was among approximately 500 DOC inmates who were transferred to the PCF in order to alleviate the jail backlog in Colorado. According to the address on his opening brief to this court, the petitioner is currently confined in the Colorado State Penitentiary located in Cañon City, Colorado.

Brown contends in his petition that he is entitled to habeas corpus relief because (1) DOC is reimbursing AEDA more than is allowed by statute, and (2) his placement in PCF violates Article VIII, Section 1, of the Colorado Constitution. As a remedy for these alleged violations, Brown seeks release from confinement or transfer back to Colorado.

A case becomes moot when relief, if granted, would have no practical legal effect upon the existing controversy. *Van Schaack Holdings, Ltd. v. Fulenwider,* 798 P.2d 424, 426 (Colo.1990). When issues are presented in litigation, and become moot because of subsequent occurrences, an appellate forum will decline to render an opinion on the merits of the appeal. *Id.* at 427. In this case, the petitioner's transfer to the Colorado State Penitentiary renders his appeal moot. Both of the allegations contained in Brown's petition, if meritorious, were remedied by his transfer back to Colorado. Furthermore, transfer to Colorado was one of the remedies sought by Brown.

A petitioner is entitled to a hearing on a habeas corpus petition only if he makes

a prima facie showing that his confinement is invalid and that he is entitled to discharge. *Deason v. Kautzky,* 786 P.2d 420, 423 (Colo. 1990). In this case, because Brown is presently confined in Colorado, in the custody of the DOC, his allegation of invalid confinement has become moot. We thus affirm the district court's denial of the petitioner's motion for writ of habeas corpus.