The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Jason Scott ANDERSON, Defendant–
Appellant.

Court of Appeals No. 13CA2337

Colorado Court of Appeals,
Div. VII.

Announced February 12, 2015

Jefferson County District Court No.
02CR1048, Honorable Margie Enquist, Judge

Cynthia H. Coffman, Attorney General, Emmy A. Langley, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

The Reisch Law Firm, LLC, R. Scott Reisch, Denver, Colorado, for Defendant–Appellant

Opinion by JUDGE NAVARRO

¶ 1 Defendant, Jason Scott Anderson, appeals the district court's order denying his motion to terminate his probation pursuant to section 18–1.3–1008(2), C.R.S.2014. That statute permits a court to discharge the indeterminate probation sentence of a sex offender convicted of a class four felony after the offender has served ten years of probation. Anderson presents the following question: where a sex offender is sentenced to probation after revocation of a deferred judgment, should the period of supervision under the unsuccessful deferred judgment count toward calculating the offender's total time served on probation? We answer that question "no" because the plain language of the statute precludes such a result. We thus affirm the district court's order.

## I. Background

¶ 2 In 2002, Anderson pleaded guilty to one count of sexual assault on a child, a class four felony, and one count of unlawful sexual contact, a class one misdemeanor. See §§ 18–3–404(1)(a), –405(1), C.R.S.2014. The prosecution dismissed three other counts. As part of the plea agreement, Anderson entered into a stipulation for a deferred judgment and sentence on the felony count, which continued the case for four years.

¶ 3 In this stipulation, Anderson agreed to participate in a diversion program, to be supervised by the probation department, and to successfully complete sex offense specific treatment. He also agreed to "successfully comply with all terms and conditions of sentence" on the misdemeanor unlawful sexual contact count. On that misdemeanor count, the court sentenced Anderson to two years in jail but suspended one year on the condition that he successfully complete four years of probation and the deferred judgment term on the felony count. With respect to the other year of the jail term, the court authorized work release.

¶ 4 Three years later, the probation department filed a revocation complaint. According to the department, Anderson had been unsuccessfully terminated from his sex offender treatment program for violating his treatment contract and was in arrears on payments toward the costs of his supervision. At the revocation hearing, Anderson admitted the violations alleged in the complaint, and the district court revoked both his deferred judgment and probation.

¶ 5 At a March 2006 hearing, the court sentenced Anderson to probation for ten years to life on the felony count. As conditions of probation, he was required to participate in a sex offender intensive supervision probation (SOISP) program and to serve two years in community corrections. On the misdemeanor count, the court resentenced Anderson to two years of probation concurrent to his felony sentence.

¶ 6 In August 2013, Anderson moved to terminate his probation and for a review hearing, pursuant to section 18–1.3–1008(2). He argued that he had "been on probation for the past eleven years." While Anderson acknowledged that his deferred judgment had been revoked, he still claimed that "for the past [eleven] years, [he] has maintained full compliance with probation and has positively progressed in his treatment." Attached to the motion was a letter from his treatment provider attesting that Anderson had "successfully completed treatment" as of March 2013. But Anderson also advised the court that the probation department "stated that [it] cannot give a recommendation for termination as it is [its] position that his ten years of probation is not yet complete."

¶ 7 In response, the district attorney argued that, calculating the time served on probation from the post-revocation sentencing hearing in March 2006, Anderson had been on probation for only seven years and five months. Hence, the court lacked authority to consider Anderson's request. The district attorney also confirmed that the probation department "objects to an early termination because it is not statutorily allowed."

¶ 8 The district court denied Anderson's request without a hearing "for the reasons stated in the prosecution's response."

## II. The Period of Anderson's Deferred Judgment Supervision Did Not Constitute a Sentence to Probation

¶ 9 Anderson contends that the period during which he was supervised in connection with his unsuccessful deferred judgment constituted probation within the meaning of section 18–1.3–1008(2). Therefore, he continues, the deferred judgment period should be counted when calculating how long he has served probation for purposes of that statute. We are not persuaded.

### A. Standard of Review

¶ 10 This case raises a question of statutory interpretation, which we review de novo. *Finney v. People*, 2014 CO 38, ¶ 12, 325 P.3d 1044.

¶ 11 In interpreting a statute, our objective is to effectuate the intent and purpose of the General Assembly. *Id.* To determine the legislature's intent, we look first to the plain language of the statute. *Id.* Where the statutory language is clear, we apply the plain and ordinary meaning of the provision. *Id.* In reviewing a comprehensive statutory framework, we must construe each provision to further the overarching legislative intent. *Id.* We must "respect the legislature's choice of language," *Turbyne v. People*, 151 P.3d 563, 568 (Colo.2007), and must "not add words to the statute or subtract words from it." *Id.* at 567.

### B. Analysis

■ ¶ 12 Under the Colorado Sex Offender Lifetime Supervision Act of 1998 (SOLSA), §§ 18–1.3–1001 to –1012, C.R.S. 2014, a district court "may sentence a sex offender to probation for an indeterminate period of at least ten years for a class 4 felony ... and a maximum of the sex offender's natural life[.]" § 18–1.31004(2)(a). After such an offender has served ten years of probation, he or she may petition the district court to be discharged from the indeterminate probation sentence. Section 18–1.3–1008(2) provides in relevant part:

[O]n completion of ten years of probation for any sex offender convicted of a class 4 felony, the court shall schedule a review hearing to determine whether the sex offender should be discharged from probation. In making its determination, the court·shall determine whether the sex offender has successfully progressed in treatment and would not pose an undue threat to the community if allowed to live in the community without treatment or supervision. The sex offender's probation officer and treatment provider shall make recommendations to the court concerning whether the sex offender has met the requirements of this section such that he or she should be discharged from probation.

§ 18–1.3–1008(2). A court has no discretion under section 18–1.31008(2) to terminate a sex offender's probation before he or she has completed the minimum term of probation required by section 181.3–1004(2)(a). *See People v. Dinkel*, 2013 COA 19, ¶¶ 9–12, 20, 321 P.3d 569.

¶ 13 Anderson contends that the time (more than three years) during which he was supervised pursuant to his unsuccessful deferred judgment before it was revoked should count toward calculating his ten-year period of "probation" within the meaning of section 18–1.3–1008(2). We disagree because supervision under a deferred judgment is not the same as a sentence to probation under the SOLSA. And, reading the SOLSA as a whole and giving effect to the plain language of sections 18–1.3–1008(2), only time served on probation may count toward rendering a sex offender eligible for discharge of a probation sentence.

■ ¶ 14 Probation is one of the sentencing alternatives available to a court when entering a judgment of conviction. *See* § 18–1.3–104(1), C.R.S. 2014; *see also* § 18–1.3–1004(2)(a). In other words, a " 'sentence' generally refers to that part of a judgment which describes the punishment imposed by the court following the defendant's conviction for a criminal offense," and probation is a form of sentence that may be imposed upon entry of a judgment. *People v. Turner*, 644 P.2d 951, 953 (Colo.1982); *see also People v.*

*Ray,* 192 Colo. 391, 394, 560 P.2d 74, 76 (1977) (quoting with approval section 1.1(b) of the ABA Standards Relating to Probation, which defines "probation" as "a sentence not involving confinement which imposes conditions and retains authority in the sentencing court to modify the conditions of the sentence or to resentence the offender if he violates the conditions"), *overruled on other grounds by People v. Dist. Court,* 673 P.2d 991 (Colo.1983). Thus, even if a defendant successfully completes probation, the judgment of conviction remains on his or her criminal record.

¶ 15 In contrast to probation, a deferred judgment is a dispositional alternative imposed *in lieu of* a judgment and sentence. *Kazadi v. People,* 2012 CO 73, ¶ 20, 291 P.3d 16; *see People v. Carbajal,* 198 P.3d 102, 106 (Colo.2008) ("Upon receiving a defendant's guilty plea, a trial court must enter judgment and sentence unless it imposes a deferred judgment."). The deferred judgment statute authorizes a district court, after acceptance of a defendant's guilty plea and upon consent of all parties, "to continue the case for the purpose of entering judgment and sentence upon the plea of guilty for a period not to exceed four years for a felony...." § 18–1.3–102(1)(a), C.R.S.2014. "As a condition of continuing the case, the trial court is empowered to implement probation-like supervision conditions that the defendant must adhere to." *Kazadi,* ¶ 12; *see* § 18–1.3–102(2). Such conditions are established by a stipulation between the defendant and the prosecution and "shall be similar in all respects to conditions permitted as part of probation." § 18–1.3–102(2).

¶ 16 Unlike the consequence of a successfully completed probation sentence, when the defendant fully complies with the conditions of the deferred judgment for the prescribed period, "the plea of guilty previously entered shall be withdrawn and the charge upon which the judgment and sentence of the court was deferred shall be dismissed with prejudice." *Id.; accord Hafelfinger v. Dist. Court,* 674 P.2d 375, 377 n. 3 (Colo.1984) (After successfully completing a deferred judgment, the defendant "would no longer be 'convicted.'"). And, unlike the consequence

of a probation violation, a court generally has no discretion to continue a deferred judgment upon finding a violation of a condition regulating the defendant's conduct; instead, the court must revoke the deferred judgment and "enter judgment and impose sentence upon the guilty plea...." § 18–1.3102(2).

¶ 17 In sum, a sentence to probation may be imposed upon entry of a judgment of conviction, but a deferred judgment is not a sentence and is not imposed in connection with a judgment. *Kazadi,* ¶ 20 ("A deferred judgment is not the equivalent of a suspension of sentence because no sentence has been imposed or suspended."); *Carbajal,* 198 P.3d at 106 ("A deferred judgment is technically not a sentence; it is a continuance with probation-like supervision conditions.").

¶ 18 Nonetheless, Anderson argues that, because the conditions of a deferred judgment must be similar to the conditions permitted as part of probation, a deferred judgment is equivalent to a sentence to probation. "As a matter of logic," however, "simply because *x* has 'characteristics similar to' *y* does not necessarily make *x* a *y.*" *ABA Ret. Funds v. United States,* 759 F.3d 718, 723 (7th Cir.2014). As explained, although there are similarities between them, the essential features of a deferred judgment and its consequences differ significantly from those of probation. *See also People v. Method,* 900 P.2d 1282, 1284–85 (Colo.App.1994) (holding that a deferred judgment need not be supervised by the probation department).

¶ 19 Indeed, the requirement in section 18–1.3–102(2) that deferred judgment conditions be "similar" to probation conditions would be unnecessary if a defendant subject to a deferred judgment were actually on probation. We thus reject Anderson's view that the deferred judgment statute does not distinguish between a deferred judgment and probation.

¶ 20 In fact, the General Assembly has recognized a distinction between probation and a deferred judgment in many statutes. *See, e.g.,* § 16–11–102.4(1)(h); § 16–11.8–103(4)(a)(II); §§ 18–1.3–209, –210; § 18–9–208(5); § 18–12–110, C.R.S.2014. As reflected in those provisions, when the legisla-

ture intends to refer to both probation and a deferred judgment, the legislature explicitly mentions both.

¶ 21 Section 18–1.3–1008(2), however, mentions only "probation." It does not refer to supervision under a deferred judgment, "probation-like conditions," or section 18–1.3–102. If the General Assembly had intended the provisions of section 18–1.3–1008(2) to apply to time served under a deferred judgment, it would have said so. *Cf. People v. Jaramillo,* 183 P.3d 665, 671 (Colo.App.2008) ("Had the General Assembly intended to restrict serious bodily injury to 'bone fractures' in section 18–1–901(3)(p), it clearly knew how to do so, and we must respect the General Assembly's choice of language.").[1]

■ ¶ 22 Finally, Anderson's reliance on the rule of lenity is unavailing. "That rule may be employed only to resolve an unyielding statutory ambiguity, not to create one." *Dinkel,* ¶ 19. We discern no ambiguity in section 18–1.3–1008(2).

¶ 23 To summarize, the General Assembly created two different dispositional alternatives—a deferred judgment and a sentence to probation—and has recognized the distinction between them many times. Accordingly, when construing section 18–1.3–1008(2), we may not equate the two concepts or conclude that the legislature intended the period of an

unsuccessful deferred judgment to qualify as time served on probation. The district court properly denied Anderson's motion to terminate his probation because the court lacked authority to consider the request at the time that it was made.

### C. Review Hearing and Record of Findings

¶ 24 Anderson contends that the district court erred by denying his motion without conducting a review hearing or making a record of its findings as required by sections 18–1.3–1008(2) and (3)(b). Because the court lacked authority to consider Anderson's request, we necessarily conclude that the court did not err.

### III. Conclusion

¶ 25 The order is affirmed.

JUDGE LICHTENSTEIN and JUDGE BERGER concur.

---

1. We acknowledge that the term "probation" is sometimes used colloquially to refer to supervision under a deferred judgment. In fact, the district court made such a reference at Anderson's first sentencing hearing. Such references likely derive from the recognition that "[a] deferred judgment is akin to a sentence of proba-

tion." *People v. Manzanáres,* 85 P.3d 604, 607 (Colo.App.2003) (explaining that both probation and deferred judgments are premised on defendants leading law-abiding lives). Still, the statutes make clear that a deferred judgment is not equivalent to a sentence to probation.