25CA0397 Long v Colorado Parole 12-11-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0397
Pueblo County District Court No. 24CV60
Honorable Tayler Thomas, Judge

---

Matthew J. Long,

Plaintiff-Appellant,

v.

Colorado Board of Parole and Colorado Department of Corrections,

Defendants-Appellees.

---

APPEAL DISMISSED IN PART
AND JUDGMENT AFFIRMED

Division V
Opinion by JUDGE YUN
Freyre and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 11, 2025

---

Matthew J. Long, Pro Se

Philip J. Weiser, Attorney General, Tara Buchalter, Senior Assistant Attorney General, Denver, Colorado, for Defendant-Appellee Colorado Board of Parole

Philip J. Weiser, Attorney General, Kristin K. Lindemann, Assistant Attorney General II, Denver, Colorado, for Defendant-Appellee Colorado Department of Corrections

¶ 1     Matthew J. Long appeals the district court's order dismissing his claims against the Colorado Board of Parole (the Board) and the Colorado Department of Corrections (CDOC).  We dismiss the appeal as moot regarding one claim, and we affirm the dismissal of all the other claims.

## I.     Background

¶ 2     In 2003, Long pleaded guilty to aggravated second degree kidnapping, a class 2 felony, and attempted sexual assault, a class 5 felony.  The trial court imposed concurrent sentences of thirty years for the class 2 felony and three years for the class 5 felony, plus five years of mandatory parole.  Long has completed his sentence for the class 5 felony and is now serving a custodial sentence only for the class 2 felony.  His estimated mandatory release date is April 3, 2028.

¶ 3     The Board heard Long's case on August 13, 2024, and deferred his next parole hearing for three years, citing concerns including the severity and circumstances of the offense, the risk to the public, and institutional conduct infractions.  Long filed a lawsuit against the Board and CDOC, alleging that (1) the Board "failed to comply with the requirements of . . . [section]

17-22.5-303(6)," C.R.S. 2025, when it deferred his next parole hearing for three years instead of one year; (2) CDOC "failed to comply with . . . [section] 16-11.7-105," C.R.S. 2025; (3) the Board was required to "make specific findings to substantiate [his] designation" as a sexually violent predator (SVP) under section 18-3-414.5, C.R.S. 2025; and (4) he was entitled to monetary damages from the Board. While the litigation was pending, the Board reconsidered its decision and amended Long's deferral to one year.

¶ 4    The Board filed a motion to dismiss under C.R.C.P. 12(b)(5), and CDOC filed a motion to dismiss under C.R.C.P. 12(b)(5) and 12(b)(1). The district court made the following findings:

(1)    The court lacked subject matter jurisdiction to consider Long's claim that the Board erred by deferring his parole for three years because his complaint was filed outside of the twenty-eight-day time limit in C.R.C.P. 106.5 and C.R.C.P. 106(b). Further, because the Board had already amended the deferral to one year, this claim was moot.

(2)    Long failed to state a claim for relief regarding CDOC's failure to comply with section 16-11.7-105 because he

2

did not "provide any explanation as to how . . . or why [section] 16-1[1].7-105 applies and how CDOC has failed" to comply.

(3)   Long failed to state a claim for relief regarding an SVP designation because it is the sentencing court, not the Board, that makes an SVP finding.[1]

(4)   Monetary damages were not an available remedy because "individual [Board] members, and [the Board] as an entity, perform a quasi-judicial function and are therefore absolutely immune from monetary damages."

¶ 5   Long now appeals.

## II.   Analysis

¶ 6   Long contends the district court erred by (1) finding that his claim regarding the three-year deferral was both time barred and moot; (2) dismissing his claim that CDOC failed to comply with section 16-11.7-105; and (3) determining that monetary damages were not an available remedy. And finally, he contends that CDOC retaliated against him for challenging the Board's deferral decision.

---

[1] On appeal, the Board and Long agree that Long has never been designated an SVP pursuant to section 18-3-414.5, C.R.S. 2025.

3

We first describe the standard of review, then turn to Long's contentions.

## A. Standard of Review

¶ 7 Under Rule 12(b)(1), the district court may grant a motion to dismiss an action if it lacks jurisdiction over the subject matter of the case. We review the district court's resolution of disputed jurisdictional facts for clear error. *Tulips Invs., LLC v. State ex rel. Suthers*, 2015 CO 1, ¶ 11. If there are no disputed facts, "the determination of a court's subject matter jurisdiction presents a question of law which is reviewed de novo." *Id.*

¶ 8 Under Rule 12(b)(5), the district court may grant a motion to dismiss an action if the plaintiff's complaint fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(5) motion, "a party must plead sufficient facts that . . . suggest plausible grounds to support a claim for relief." *Froid v. Zacheis*, 2021 COA 74, ¶ 29 (quoting *Patterson v. James*, 2018 COA 173, ¶ 23). In evaluating the motion, the district court must accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Norton v. Rocky Mountain*

*Planned Parenthood, Inc.*, 2018 CO 3, ¶ 7. The court, however, is not required to accept bare legal conclusions as true. *Id.*

### B. Three-Year Deferral

¶ 9 Long contends the district court erred by finding that his claim that the Board failed to comply with its statutory duties was both time barred and moot. We conclude that this claim was not time barred. However, because Long has already received the relief he requested, we agree with the district court that it is moot.

### 1. Time Limitation

¶ 10 Long's amended complaint was titled as being "pursuant to Rule 106.5," but it also stated that his claims were brought under Rule 106(a)(2) and (4). The district court treated his claim that the Board failed to comply with its statutory duties as a Rule 106.5 claim seeking "review [of] a decision resulting from a quasi-judicial hearing of any facility of" CDOC. C.R.C.P. 106.5(a).

¶ 11 Rule 106.5 provides that the parties "shall follow C.R.C.P. 106(a)(4)" and that "[t]he provisions of C.R.C.P. 106(b) . . . shall govern all cases brought under this Rule 106.5." *Id.* Rule 106(b), in turn, specifies that "a complaint seeking review under [C.R.C.P. 106(a)(4)] shall be filed in the district court not later than 28 days

after the final decision of the body or officer." C.R.C.P. 106(b). Because the Board issued its deferral decision on August 13, 2024, and Long's complaint was not accepted by the district court until October 1, 2024[2] — forty-nine days later — the court found that the complaint was time barred because it was filed "outside of the 28-day time limitation in C.R.C.P. 106(b) and C.R.C.P. 106.5." *See Brown v. Walker Com., Inc.*, 2022 CO 57, ¶ 4 (holding that Rule 106(b) establishes a limitation period for invoking the district court's jurisdiction that cannot be extended on grounds of excusable neglect).

¶ 12    But "C.R.C.P. 106.5 does not apply to inmate actions seeking judicial review of parole board decisions." *Moore v. Exec. Dir. of Colo. Dep't of Corr.*, 2018 COA 99, ¶ 9. As a general matter, "the parole board's discretion in making decisions granting or denying parole is 'plenary' and not subject to judicial review." *Id.* at ¶ 16. "It is only if the parole board 'has failed to exercise its statutory

---

[2] The court received the complaint on September 16, 2024 — thirty-four days after the Board issued its decision — but did not receive a filing fee or a request to proceed in forma pauperis. Accordingly, the court did not accept the complaint until October 1, 2024, when the filing fee was paid.

duties that the courts . . . have the power to review [its] actions,' and that review is in the nature of mandamus relief under C.R.C.P. 106(a)(2)." *Id.* (quoting *In re Question Concerning State Jud. Rev. of Parole Denial*, 610 P.2d 1340, 1341 (Colo. 1980)); *see also Rocky Mountain Animal Def. v. Colo. Div. of Wildlife*, 100 P.3d 508, 517 (Colo. App. 2004) ("Mandamus relief may be an appropriate remedy 'where there has been a failure to perform a statutory duty.'" (quoting *Lamm v. Barber*, 565 P.2d 538, 542 (Colo. 1977))).

¶ 13     Because Long is pro se, we liberally construe his filings and seek to effectuate the substance, rather than the form, of his pleadings. *See Gandy v. Williams*, 2019 COA 118, ¶ 8; *People v. Cali*, 2020 CO 20, ¶ 34. We conclude that the substance of Long's claim that the Board failed to comply with its statutory duties was a claim for mandamus relief under Rule 106(a)(2). And Rule 106(a)(2) does not specify a time limit or refer to the twenty-eight-day deadline.

¶ 14     "[S]ection 17-2-201[, C.R.S. 1980,] creates certain statutory duties which the Board must perform in making its decision . . . ." *In re Question*, 610 P.2d at 1341. Among these duties are the following:

> If the board refuses an application for parole, the board shall reconsider the granting of parole to such person within one year thereafter, or earlier if the board so chooses, and shall continue to reconsider the granting of parole each year thereafter until such person is granted parole or until such person is discharged pursuant to law; except that, if the person applying for parole was convicted of any class 3 sexual offense described in part 4 of article 3 of title 18, C.R.S., a habitual criminal offense as defined in section 18-1.3-801(2.5), C.R.S. [2025], or of any offense subject to the requirements of section 18-1.3-904, C.R.S. [2025], the board need only reconsider granting parole to such person once every three years, until the board grants such person parole or until such person is discharged pursuant to law, or if the person applying for parole was convicted of a class 1 or class 2 felony that constitutes a crime of violence, as defined in section 18-1.3-406, C.R.S. [2025], the board need only reconsider granting parole to such person once every five years, until the board grants such person parole or until such person is discharged pursuant to law.

§ 17-2-201(4)(a), C.R.S. 2025.[3]  Long's argument in his amended complaint was that "[n]one of the statutory contingencies"

---

[3] While Long cited section 17-22.5-303(6), C.R.S. 2025, not section 17-2-201(4)(a), C.R.S. 2025, the two sections are almost identical. Further, in its motion to dismiss pursuant to C.R.C.P. 12(b)(5), the Board treated Long's claim regarding the three-year deferral as a claim that the Board failed to comply with section 17-2-201(4)(a).

permitting deferral for more than one year applied to him and that the Board thus failed to perform its statutory duties by deferring his reconsideration for three years.

¶ 15     Accordingly, because we conclude that the substance of Long's claim was under Rule 106(a)(2), not Rule 106.5, the twenty-eight-day limitation period established in Rule 106(b) for invoking the district court's jurisdiction did not apply to time bar this claim.

## 2.     Mootness

¶ 16     "Whether an appeal is moot is a question of law that we review de novo." *People v. Fritz*, 2014 COA 108, ¶ 20. "Colorado courts invoke their judicial power only when an actual controversy exists." *DePriest v. People*, 2021 CO 40, ¶ 8 (quoting *People in Interest of Vivekanathan*, 2013 COA 143M, ¶ 20). "When an actual controversy no longer exists, an issue becomes moot because any relief granted by the court would have no practical effect." *Id.* Mootness is a threshold jurisdictional matter that must be determined before we may address the merits. *People v. Chipman*, 2015 COA 142, ¶ 38.

¶ 17     An appeal can become moot "because of subsequent occurrences." *DePriest*, ¶ 12 (quoting *Brown v. Colo. Dep't of Corr.*,

915 P.2d 1312, 1313 (Colo. 1996)). "In these types of cases, a subsequent occurrence provides a defendant with the relief he or she was seeking on appeal." *Id.*; *see Brown*, 915 P.2d at 1313-14 (when the defendant, who sought to be transferred back to Colorado, was transferred back to the Colorado State Penitentiary, the relief he sought was satisfied, rendering his appeal moot).

¶ 18     Here, Long argued that the Board failed to perform its statutory duty by deferring his next parole hearing for three years rather than one. While the litigation was pending, the Board reconsidered its decision and amended Long's deferral to one year, meaning that it would hear his case again in August 2025. The Board thus ensured that Long's next parole hearing was not delayed any longer than it would have been if the Board had issued a one-year deferral from the outset. Accordingly, Long has already received the relief he sought, and his appeal of this claim is moot. *Giuliani v. Jefferson Cnty. Bd. of Cnty. Comm'rs*, 2012 COA 190, ¶ 15 ("Where a claim is moot on appeal, we decline to address its merits, and instead dismiss the claim.").

¶ 19     We are not persuaded otherwise by Long's argument that this issue is capable of repetition, yet evading review. *Anderson v.*

*Applewood Water Ass'n*, 2016 COA 162, ¶ 27 (an exception to the mootness doctrine "permit[s] courts to consider the merits of an otherwise moot matter . . . when the matter involves an issue that is capable of repetition, yet evading review"). "Issues are capable of repetition when they could, or are likely to, reoccur in the future." *Id.* at ¶ 28. And issues "evad[e] review" when the "time required to complete the legal process will necessarily render each specific challenge moot." *Id.* (quoting *Rocky Mountain Ass'n of Credit Mgmt. v. Dist. Ct.*, 565 P.2d 1345, 1346 (Colo. 1977)). Long does not explain why, if he later receives a deferral not authorized by statute, the time required to complete the legal process would necessarily render a subsequent challenge moot.

¶ 20 We therefore decline to consider Long's claim that the Board failed to comply with its statutory duties by deferring his next parole hearing for three years.

## C. Section 16-11.7-105

¶ 21 Long contends the district court erred by finding that he failed to state a claim for relief regarding CDOC's failure to comply with section 16-11.7-105. We are not persuaded.

¶ 22 In his amended complaint, Long alleged only that "[C]DOC has failed to comply with its mandatory, nondiscretionary duty to comply with [section] 16-11.7-105." He did not explain how the statute applies to him or what duty CDOC failed to perform.

¶ 23 Section 16-11.7-105(1.5)(a) provides that CDOC "shall identify all inmates who are classified to undergo [sex offender] treatment, are eligible to receive treatment pursuant to the department of corrections' policy, and have not been provided with the opportunity to undergo treatment while incarcerated." It further states that CDOC shall provide certain information to the Board. But Long did not allege that his sentence requires him to be classified for sex offender treatment, that he was eligible for such treatment, or that he had not been given the opportunity to undergo treatment. While we liberally construe Long's filings, we cannot rewrite his pleadings or act as an advocate on his behalf. *Cali,* ¶ 34.

¶ 24 We thus agree with the district court that Long has not pleaded sufficient facts to suggest a plausible ground to support a claim for relief under section 16-11.7-105. *See Froid,* ¶ 29. Accordingly, we conclude that the court properly dismissed this claim under Rule 12(b)(5).

## D.     Monetary Damages

¶ 25     Long contends the district court erred by finding that monetary damages against the Board were not an available remedy. Again, we are not persuaded.

¶ 26     "When parole board members decide whether to deny, grant, or revoke parole, they perform a function that is essentially judicial in nature." *State v. Mason*, 724 P.2d 1289, 1291 (Colo. 1986). Accordingly, "the doctrine of quasi-judicial immunity applies to the parole board . . . as well as to the individual members of the parole board." *Id.* at 1289. Members of a parole board are thus "absolutely immune from damages liability for actions taken in performance of the [b]oard's official duties regarding the granting or denying of parole." *Knoll v. Webster*, 838 F.2d 450, 451 (10th Cir. 1988).

¶ 27     We therefore conclude that the district court properly dismissed Long's claim for monetary damages against the Board under Rule 12(b)(5).

## E.     Retaliation

¶ 28     For the first time on appeal, Long contends that CDOC retaliated against him for challenging the Board's deferral decision.

13

Because Long did not raise any claim of retaliation in the district court, this contention is not preserved for appeal. Accordingly, we will not address it. *See Melat, Pressman & Higbie, L.L.P. v. Hannon L. Firm, L.L.C.*, 2012 CO 61, ¶ 18 ("It is axiomatic that issues not raised in or decided by a lower court will not be addressed for the first time on appeal.").

## III. Disposition

¶ 29 The appeal is dismissed with respect to Long's claim that the Board failed to perform its statutory duties. In all other respects, the judgment is affirmed.

JUDGE FREYRE and JUDGE PAWAR concur.